UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| PETERSON-PURITAN SITE OU 2 REMEDIAL ACTION GROUP, | ) ) ) | Civil Action No. |
|  | ) |  |
| Plaintiff, | ) ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| A AND J TOOL & FINDINGS CO., INC.; A.D.T., INC.; AL CERRONE'S HARRIS AUTO SALES, INC.; PRIORITY AUTOMOTIVE, LLC; AMERICAN PRODUCTS INC.; AMERICAN TEXTILE; ARDAGH GLASS, INC.; ARMBRUST INTERNATIONAL, LTD.; CITY OF ATTLEBORO; BANK OF AMERICA; BERGER & COMPANY RECYCLING, INC.; BUCCI'S AUTO, INC.; BURGER KING CORPORATION; CARVEL CORPORATION; JOHN D. NOONAN  d/b/a CARVEL ICE CREAM; CENTRAL FALLS PLATE GLASS COMPANY; CENTRAL PAPER CO., INC.; CHE, INC.; CHEMART COMPANY; CONLON MOVING AND STORAGE INC.; CONSOLIDATED CONCRETE; COTES MARKET, INC.; COURIER NEW MEDIA, INC.; CREST MANUFACTURING COMPANY; DEL'S LIMITED FAMILY PARTNERSHIP; DIAL BATTERY PAINT & AUTO SUPPLY, INC.; DIAMOND HILL ANIMAL HOSPITAL d/b/a GANSETT ANIMAL HOSPITAL; DON'S DINER, INC.; DUFFIN'S PUB; EEM, INC.; FRIEND & FAMILY VETERINARY SERVICES, INC.; GULLIVER'S TAVERN, INCORPORATED; GUYOT BROTHERS COMPANY, INCORPORATED; HARMONY ENTERPRISES; HUDSON SERVICES, INC.; INTERNATIONAL HOUSE OF PANCAKES, LLC; J A R BAKERS SUPPLY, INC.; JOHN HANCOCK FINANCIAL CORPORATION; KFC CORPORATION; KING RICHARDS AUTO CENTER; MAJOR ELECTRIC & SUPPLY, INC.; MARITIME INTERNATIONAL, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL REQUESTED |

INC.; MCDONALD'S CORPORATION;                    )
MCKEE BROS. OIL CORP.; MEL-CO-ED,                )
INC.; METACOMET COUNTRY CLUB;                    )
MICHELLETTI'S RESTAURANT; MINE                   )
SAFETY APPLIANCES COMPANY, LLC;                  )
NEW ENGLAND MOTOR FREIGHT, INC.;                 )
NORTHEAST GOLF PROPERTIES, INC.                  )
d/b/a NORTON COUNTRY CLUB;                       )
NORTHPOINT BIBLE COLLEGE;                        )
PLAINVILLE MACHINE WORKS, INC.;                  )
RAMA SHOPPING CENTER, INC.;                      )
READ'S DAIRY, INC.; RHODE ISLAND                 )
GLASS COMPANY, INC.; RHODE ISLAND                )
TEXTILE COMPANY; ROME RESTAURANT,                )
INC.; RUBBER COVERED PRODUCTS CO.,               )
INC.; RYDER TRUCK RENTAL, INC.;                  )
RYONE MANUFACTURING CO.; SAVOR                   )
STREET FOODS, INC.; SCI RHODE ISLAND             )
 FUNERAL SERVICES, LLC; STANDISH-                )
JOHNSON CO.; GREATREX CORPORATION;               )
GARY F. KNIGHT D/B/A STATE LINE                  )
MOTOR INN; SUPPLY NEW ENGLAND, INC.;             )
TAGGART SAND PRODUCTS CORP.;                     )
TERCAT TOOL AND DYE CO. II, INC.;                )
TONY & SONS AUTO SERVICE; V.J.                   )
BERARDUCCI & SONS; TOWN OF WEST                  )
BRIDGEWATER; WESTFALL                            )
MANUFACTURING CO.; WHITTAKER                     )
CORPORATION; WORTHINGTON                         )
INDUSTRIES, INC.; and YRC, INC.                  )
                                                 )
                    Defendants.                  )
                                                 )
_____)

## **COMPLAINT**

The Peterson-Puritan Site OU 2 Remedial Action Group ("Group") for its complaint

against Defendants asserts the following:

## **STATEMENT OF THE CASE**

1.      This is a civil action pursuant to the provisions of the Comprehensive

Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C.

§§ 9601 *et seq.* ("CERCLA") and Rhode Island state law, for the recovery of past and future response costs incurred and to be incurred by the Group for response actions undertaken and to be undertaken by its members at Operable Unit 2 of the Peterson/Puritan, Inc. Superfund Site ("Site") located in Cumberland and Lincoln, Rhode Island. The Group alleges that there has been a release and/or threat of release of hazardous substances, hazardous wastes, and/or hazardous materials at and/or from the Site, which hazardous substances, hazardous wastes, and/or hazardous materials have contaminated the soil, sediments and water at and in the vicinity of the Site and have threatened the public health and the environment. Each of the Defendants owned, generated, possessed, arranged for disposal of and/or transported hazardous substances, hazardous wastes and/or hazardous materials that were disposed of at the Site

      2.      The Group seeks recovery of response costs and/or contribution from each Defendant pursuant to Section 107(a) of CERCLA (42 U.S.C. § 9607(a)); Section 113(f)(1) of CERCLA (42 U.S.C. § 9613(f)(1)); the Rhode Island Industrial Property Remediation and Reuse Act, R.I. Gen. L. §§ 23-19.14 *et seq.*; the Rhode Island Hazardous Waste Management Act, R.I. Gen. L. §§ 23-19.1 *et seq.*; R.I. Gen. L. §§ 46-12, *et seq.*; R.I. Gen. L. §§ 46-13.1 *et seq.*; and R.I. Gen L §§ 10-6 *et seq.* for past and future response costs which the Group and/or certain of its members have incurred and will incur in the future at the Site, along with a declaration as to each Defendant's liability for future response costs to be incurred by the Group at the Site.

## JURISDICTION AND VENUE

3.      This action arises under the Comprehensive Environmental Response, Compensation, and Liability Act of the United States (42 U.S.C. §§ 9601 *et seq.*) and Rhode Island statutory law.

4.      Jurisdiction of this Court is founded upon 28 U.S.C. § 1331 with supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 and pendent jurisdiction over related State law claims.

5.      This Court also has subject matter jurisdiction over the claim for declaratory relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 9613(g)(2).

6.      Venue is laid in this Judicial District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b).

## PARTIES

7.      Plaintiff, Peterson-Puritan Site OU 2 Remedial Action Group is an organization duly formed by agreement among its members regarding response actions undertaken and to be undertaken at the Site.  The members of the Group are listed in Exhibit A hereto.

8.      Defendants are parties who, and/or whose predecessors-in-interest, owned, generated, possessed, arranged for disposal and/or transported hazardous substances, hazardous wastes and/or hazardous materials disposed of at the Site.

9.      Defendant A and J Tool & Findings Co., Inc. is a Massachusetts corporation with a principal place of business at 6 W. Bacon Street, Plainville, Massachusetts. Based upon information and belief, A and J Tool & Findings Co., Inc. is the successor-in-interest to A & J Tool & Findings.  A and J Tool & Findings, generated, owned, possessed, or by contract,

agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter

for transport for disposal or treatment of at least 314 cubic yards of waste containing

hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by A

and J Tool & Findings at the Site.

10.     Defendant A.D.T., Inc. is a Florida corporation with a principal place of

business at 1501 Yamato Road, Boca Raton, Florida.  Based upon information and belief,

A.D.T., Inc. is a successor-in-interest of RI Electric Protective.   ADT, Inc., generated, owned,

possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or

arranged with a transporter for transport for disposal or treatment of at least 1,368 cubic yards

of waste containing hazardous substances, hazardous wastes, and/or hazardous materials

owned or possessed by ADT, Inc. at the Site.

11.     Defendant Al Cerrone's Harris Auto Sales, Inc. is a Massachusetts corporation

with a principal place of business at 68 Washington Street, South Attleboro, Massachusetts.

Based upon information and belief, Al Cerrone's Harris Auto Sales, Inc. is a successor-in-

interest of Harris Auto.  Harris Auto generated, owned, possessed, or by contract, agreement,

or otherwise arranged for disposal or treatment, and/or arranged with a transporter for

transport for disposal or treatment of at least 844 cubic yards of waste containing hazardous

substances, hazardous wastes, and/or hazardous materials owned or possessed by Harris Auto

at the Site.

12.     Defendant Priority Automotive, LLC is a Massachusetts corporation with a

principal place of business at 71 Washington Street, South Attleboro, Massachusetts. Based

upon information and belief, Priority Automotive, LLC is a successor-in-interest of Harris

Auto.  Harris Auto generated, owned, possessed, or by contract, agreement, or otherwise

arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 844 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Harris Auto at the Site.

13.    Defendant American Products Inc. is a Rhode Island corporation with a principal place of business at 250 Front Street, Pawtucket, Rhode Island.  American Products Inc., generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 144 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by American Products Inc. at the Site.

14.    Defendant American Textile is a Massachusetts corporation with a principal place of business at 25 Wells Avenue, 4th Floor, Newton Center, Massachusetts. American Textile, generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,640 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by American Textile at the Site.

15.    Defendant Ardagh Glass, Inc. is a Delaware corporation with a principal place of business at 10194 Crosspoint Boulevard, Suite 410, Indianapolis, Indiana.  Based upon information and belief, Ardagh Glass, Inc. is a successor-in-interest of Foster Forbes.  Foster Forbes generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 23,520 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Foster Forbes at the Site.

16.     Defendant Armbrust International, Ltd. is a Rhode Island corporation with a principal place of business at 735 Allens Avenue, Providence, Rhode Island. Based upon information and belief, Armbrust International, Ltd. is a successor-in-interest of Sweet Manufacturing. Sweet Manufacturing generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,192 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Sweet Manufacturing at the Site.

17.     Defendant City of Attleboro is a Massachusetts municipality with a principal place of business at 77 Park Street, Attleboro, Massachusetts 02703. City of Attleboro, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 78,745 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by City of Attleboro at the Site.

18.     Defendant Bank of America is a North Carolina financial institution with a principal place of business at 100 North Tryon Street, Charlotte, North Carolina. Based upon information and belief, Bank of America is the successor-in-interest of Industrial National Bank, First National Bank, First Bristol County Bank, Attleboro Savings Bank, and National Bank of Wareham and potentially others. The predecessor entities collectively generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 3,028 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by the predecessor entities at the Site.

19.     Defendant Berger & Company Recycling, Inc. is a Rhode Island corporation with a principal place of business at 126 Front Street.  Based upon information and belief, Berger & Company Recycling, Inc. is a successor-in-interest of Berger Paper.  Berger Paper generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 6,482 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Berger Paper at the Site.

20.     Defendant Bucci's Auto, Inc. is a Rhode Island corporation with a principal place of business at 300 Mendon Road, Cumberland, Rhode Island.  Based upon information and belief, Bucci's Auto, Inc. is a successor-in-interest of Bucci's Auto Body.  Bucci's Auto Body generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 447 cubic yards containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Bucci's Auto Body at the Site.

21.     Defendant Burger King Corporation is a Florida corporation with a principal place of business at 5505 Blue Lagoon Drive, Miami, Florida.  Burger King Corporation, and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 3,421 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Burger King Corporation at the Site.

22.     Defendant Carvel Corporation is a Delaware corporation with a principal place of business at 200 Glenridge Point Parkway, Suite 200, Atlanta, Georgia.  Based upon

information and belief, Carvel Corporation is the successor-in-interest to Carvel Ice Cream. Carvel Ice Cream generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 540 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Carvel Ice Cream at the Site.

23.     Defendant John D. Noonan d/b/a Carvel Ice Cream is an individual with an address at P.O. Box. 98, Alton Bay, New Hampshire.  John D. Noonan d/b/a Carvel Ice Cream, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 540 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by John D. Noonan d/b/a Carvel Ice Cream at the Site.

24.     Defendant Central Falls Plate Glass Company is a Rhode Island corporation with a principal place of business at 481 Broad Street, Central Falls, Rhode Island.  Based upon information and belief, Central Falls Plate Glass Company is a successor-in-interest of Central Falls Glass.  Central Falls Glass generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,734 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Central Falls Glass at the Site.

25.     Defendant Central Paper Co., Inc. is a Rhode Island corporation with a principal place of business at 1495 Newport Avenue, Pawtucket, Rhode Island.  Central Paper Co., Inc., and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by

contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a
transporter for transport for disposal or treatment of at least 1,238 cubic yards of waste
containing hazardous substances, hazardous wastes, and/or hazardous materials owned or
possessed by Central Paper Co., Inc. at the Site.

26.     Defendant CHE, Inc. is a Rhode Island corporation with a principal place of
business at 5 Sakonnet Trail, Little Compton, Rhode Island. Based upon information and
belief, CHE, Inc. is a successor-in-interest of Crellin Handling. Crellin Handling generated,
owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment,
and/or arranged with a transporter for transport for disposal or treatment of at least 386 cubic
yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials
owned or possessed by Crellin Handling at the Site.

27.     Defendant Chemart Company is a Rhode Island corporation with a principal
place of business at 11 New England Way, Lincoln, Rhode Island. Based on information and
belief, Chemart Company is the successor-in-interest to Chem-art. Chem-art generated,
owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment,
and/or arranged with a transporter for transport for disposal or treatment of at least 676 cubic
yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials
owned or possessed by Chem-art at the Site.

28.     Defendant Conlon Moving and Storage Inc. is a Rhode Island corporation with
a principal place of business at 17 Chase Avenue, Warren, Rhode Island. Based upon
information and belief, Conlon Moving and Storage Inc. is a successor-in-interest of Conlon
Moving. Conlon Moving generated, owned, possessed, or by contract, agreement, or
otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport

for disposal or treatment of at least 312 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Conlon Moving at the Site.

29.     Defendant Consolidated Concrete is a Rhode Island corporation with a principal place of business at 835 Taunton Avenue, East Providence, Rhode Island. Consolidated Concrete, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 958 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Consolidated Concrete at the Site.

30.     Defendant Cotes Market, Inc. is a Massachusetts corporation with a principal place of business at 175 Salem Street, Lowell, Massachusetts.  Based upon information and belief, Cotes Market is a successor-in-interest of Cotes Meat Market.   Cotes Meat Market generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,103 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Cotes Meat Market at the Site.

31.     Defendant Courier New Media, Inc. is a Massachusetts corporation with a principal place of business at 15 Wellman Avenue, North Chelmsford, Massachusetts.  Based upon information and belief, Courier New Media is a successor-in-interest of Alpine Press. Alpine Press generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 672 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Alpine Press at the Site.

32.     Defendant Crest Manufacturing Company is a Rhode Island corporation with a principal place of business at 5 Hood Drive, Lincoln, Rhode Island.  Based on information and believe, Crest Manufacturing Company is the successor-in-interest to Crest Mfg.  Crest Mfg generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 2,088 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Crest Mfg at the Site.

33.     Defendant Del's Limited Family Partnership is a Rhode Island corporation with a principal place of business at 1260 Oaklawn Avenue, Cranston, Rhode Island.  Based upon information and belief, Del's Family Limited Partnership is a successor-in-interest of Del's Lemonade.  Del's Limited Family Partnership generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 262 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Del's Limited Family Partnership at the Site.

34.     Defendant Dial Battery Paint & Auto Supply, Inc. is a Rhode Island corporation with a principal place of business at 414 Taunton Avenue, East Providence, Rhode Island.  Dial Battery Paint & Auto Supply, Inc., and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 320 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Dial Battery Paint & Auto Supply, Inc. at the Site.

35.     Defendant Diamond Hill Animal Hospital d/b/a Gansett Animal Hospital is a Rhode Island corporation with a principal place of business at 167 Newport Avenue, East Providence, Rhode Island.  Diamond Hill Animal Hospital d/b/a Gansett Animal Hospital, and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 420 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Diamond Hill Animal Hospital d/b/a Gansett Animal Hospital at the Site.

36.     Defendant Don's Diner, Inc. is a Massachusetts corporation with a principal place of business at 121 South Street, Plainville, Massachusetts. Don's Diner, Inc., and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 7,444 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Don's Diner, Inc. at the Site.

37.     Defendant Duffin's Pub is a Rhode Island corporation with a principal place of business at 215 Division Street, Pawtucket, Rhode Island.  Duffin's Pub, generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 472 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Duffin's Pub at the Site.

38.     Defendant EEM, Inc. is a Rhode Island corporation with a principal place of business at 3313 Millwood Way, Saint Augustine, Florida.  Based upon information and

belief, EEM, Inc. is a successor-in-interest of Bradley Press.  Bradley Press generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 514 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Bradley Press at the Site.

39.     Defendant Friend & Family Veterinary Services, Inc. is a Rhode Island corporation with a principal place of business at 35 Pine Swamp Road, Cumberland, Rhode Island.  Based upon information and belief, Friend & Family Veterinary Services, Inc. is a successor-in-interest of Diamond Hill Animal Clinic.  Diamond Hill Animal Clinic generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 2,095 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Diamond Hill Animal Clinic at the Site.

40.     Defendant Gulliver's Tavern, Incorporated is a Rhode Island corporation with a principal place of business at 318 Chalkstone Avenue, Providence, Rhode Island.  Based upon information and belief, Gulliver's Tavern, Incorporated is a successor-in-interest of Gulliver's Restaurant.  Gulliver's Restaurant generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 4,136 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Gulliver's Restaurant at the Site.

41.     Defendant Guyot Brothers Company, Incorporated is a Massachusetts corporation with a principal place of business at 20 John Williams Street, Attleboro,

Massachusetts. Guyot Brothers Company, Incorporated, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 492 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Guyot Brothers Company, Incorporated at the Site.

42.     Defendant Harmony Enterprises is a Rhode Island corporation with a principal place of business at 55 Melody Hill Lane, Harmony, Rhode Island. Based upon information and belief, Harmony Enterprises is a successor-in-interest of Melody Hill Country Club. Melody Hill Country Club generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 204 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Melody Hill Country Club at the Site.

43.     Defendant Hudson Services, Inc. is a Rhode Island corporation with a principal place of business at 101 Cranston Street, Providence, Rhode Island. Based upon information and belief, Hudson Services, Inc. is a successor-in-interest of both Hudson Cleansers and Hudson Services. Hudson Cleansers and Hudson Services collectively generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 346 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Hudson Cleansers and Hudson Services at the Site.

44.     Defendant International House of Pancakes, LLC is a Delaware corporation with a principal place of business at 450 North Brand Boulevard, 7th Floor, Glendale,

15

California. International House of Pancakes, LLC, and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 5,888 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by International House of Pancakes, LLC at the Site.

45.     Defendant J A R Bakers Supply, Inc. is a Rhode Island corporation with a principal place of business at 12 Crow Point Road, Lincoln, Rhode Island. Based on information and belief, J A R Bakers Supply, Inc. is the successor-in-interest to JAR Bakers Supply. JAR Bakers Supply generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 798 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by JAR Bakers Supply at the Site.

46.     Defendant John Hancock Financial Corporation is a Delaware corporation with a principal place of business at 601 Congress Street, Boston, Massachusetts. Based on information and belief, John Hancock Financial Corporation is a successor-in-interest of John Hancock Insurance. John Hancock Insurance generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,656 cubic yards containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by John Hancock Insurance at the Site.

47.    Defendant KFC Corporation is a Delaware corporation with a principal place of business at 1441 Gardiner Lane, Louisville, Kentucky.  Based upon information and belief, KFC Corporation is a successor-in-interest of Kentucky Fried Chicken.  Kentucky Fried Chicken generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,276 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Kentucky Fried Chicken at the Site.

48.    Defendant King Richards Auto Center is a Rhode Island corporation with a principal place of business at 801 Taunton Avenue, East Providence, Rhode Island 02914. Based upon information and belief, King Richards Auto Center is a successor-in-interest of King Richard Auto Sales.  King Richard Auto Sales, generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 112 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by King Richard Auto Sales at the Site.

49.    Defendant Major Electric & Supply, Inc. is a Rhode Island corporation with a principal place of business at 6 Faunce Drive, Providence, Rhode Island.  Based on information and belief, Major Electric & Supply, Inc. is the successor-in-interest to Major Elec.  Major Elec generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 4,128 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Major Elec at the Site.

50.     Defendant Maritime International, Inc. is a Rhode Island corporation with a principal place of business at 276 MacArthur Drive, New Bedford, Massachusetts.  Based upon information and belief, Maritime International, Inc. is a successor-in-interest of Merchants Cold Storage.  Merchants Cold Storage generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,996 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Merchants Cold Storage at the Site.

51.     Defendant McDonald's Corporation is a Delaware corporation with a principal place of business at One McDonald's Plaza, Oak Brook, Illinois.  McDonald's Corporation, and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 8,478 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by McDonald's Corporation at the Site.

52.     Defendant McKee Bros. Oil Corp. is a Rhode Island corporation with a principal place of business at 8 Davis Street, Cumberland, Rhode Island.  McKee Bros. Oil Corp., and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 288 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by McKee Bros. Oil Corp. at the Site.

53.     Defendant Mel-Co-Ed, Inc. is a Rhode Island corporation with a principal place of business at 381 Roosevelt Avenue, Pawtucket, Rhode Island.  Mel-Co-Ed, Inc., generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 210 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Mel-Co-Ed, Inc. at the Site.

54.     Defendant Metacomet Country Club is a Rhode Island corporation with a principal place of business at 500 Veterans Memorial Parkway, E. Providence, Rhode Island. Metacomet Country Club, and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 3,622 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Metacomet Country Club at the Site.

55.     Defendant Michelletti's Restaurant is a Massachusetts corporation with a principal place of business at 1053 Newman Avenue, Seekonk, Massachusetts.  Based on information and belief, Michelletti's Restaurant is the successor-in-interest to Michelletti's. Michelletti's generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 670 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Michelletti's at the Site.

56.     Defendant Mine Safety Appliances Company, LLC is a Pennsylvania corporation with a principal place of business at 1000 Cranberry Woods Drive, Cranberry Township, Pennsylvania.  Mine Safety Appliances Company, LLC, and/or its affiliates or

predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise

arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal

or treatment of at least 770 cubic yards of waste containing hazardous substances, hazardous

wastes, and/or hazardous materials owned or possessed by Mine Safety Appliances Company,

LLC at the Site.

57.     Defendant New England Motor Freight, Inc. is a New Jersey corporation with a

principal place of business at 1-71 North Avenue East, Elizabeth, New Jersey.  New England

Motor Freight, Inc., and/or its affiliates or predecessors-in-interest, generated, owned,

possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or

arranged with a transporter for transport for disposal or treatment of at least 682 cubic yards of

waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned

or possessed by New England Motor Freight, Inc. at the Site.

58.     Defendant Northeast Golf Properties, Inc. d/b/a Norton Country Club is a

Massachusetts corporation with a principal place of business at 188 Oak Street, Norton,

Massachusetts. Based upon information and belief, Northeast Golf Properties, Inc. d/b/a

Norton Country Club is a successor-in-interest of Norton Golf Course, Inc. d/b/a Norton

Country Club. Norton Golf Course, Inc. d/b/a Norton Country Club, generated, owned,

possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or

arranged with a transporter for transport for disposal or treatment of at least 274 cubic yards of

waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned

or possessed by Norton Golf Course, Inc. d/b/a Norton Country Club at the Site.

59.     Defendant Northpoint Bible College is a Massachusetts corporation with a

principal place of business at 320 South Main Street, Haverhill, Massachusetts.  Based upon

information and belief, Northpoint Bible College is a successor-in-interest of Zion Bible College.  Zion Bible College generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 2,162 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Zion Bible College at the Site.

60.     Defendant Plainville Machine Works, Inc. is a Massachusetts corporation with a principal place of business at 20 High Street, Plainville, Massachusetts.  Plainville Machine Works, Inc., generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,658 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Plainville Machine Works, Inc. at the Site.

61.     Defendant Rama Shopping Center, Inc. is a Massachusetts corporation with a principal place of business at 884 Washington Street, Norwood, Massachusetts.  Based upon information and belief, Rama Shopping Center, Inc. is a successor-in-interest of Rama Plaza. Rama Plaza generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 470 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Rama Plaza at the Site.

62.     Defendant Read's Dairy, Inc. is a Massachusetts corporation with a principal place of business at 186 Cole Street, Seekonk, Massachusetts.  Read's Dairy, Inc., generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment,

and/or arranged with a transporter for transport for disposal or treatment of at least 364 cubic

yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials

owned or possessed by Read's Dairy, Inc. at the Site.

63.     Defendant Rhode Island Glass Company, Inc. is a Rhode Island corporation

with a principal place of business at 375 Washington Street, Providence, Rhode Island.

Rhode Island Glass Company, Inc., and/or its affiliates or predecessors-in-interest, generated,

owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment,

and/or arranged with a transporter for transport for disposal or treatment of at least 347 cubic

yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials

owned or possessed by Rhode Island Glass Company, Inc. at the Site.

64.     Defendant Rhode Island Textile Company is a Rhode Island corporation with a

principal place of business at 35 Martin Street, Cumberland, Rhode Island.  Based on

information and belief, Rhode Island Textile Company is the successor-in-interest to Rhode

Island Textile.  Rhode Island Textile generated, owned, possessed, or by contract, agreement,

or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for

transport for disposal or treatment of at least 6,790 cubic yards of waste containing hazardous

substances, hazardous wastes, and/or hazardous materials owned or possessed by Rhode

Island Textile at the Site.

65.     Defendant Rome Restaurant, Inc. is a Massachusetts corporation with a

principal place of business at 4 East Central Street, Franklin, Massachusetts. Rome

Restaurant, Inc., and/or its affiliates or predecessors-in-interest, generated, owned, possessed,

or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged

with a transporter for transport for disposal or treatment of at least 1,028 cubic yards of waste

containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Rome Restaurant, Inc. at the Site.

66.     Defendant Rubber Covered Products Co., Inc. is a Rhode Island corporation with a principal place of business at 964 Douglas Pike, Smithfield, Rhode Island.  Rubber Covered Products Co., Inc., and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 690 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Rubber Covered Products Co., Inc. at the Site.

67.     Defendant Ryder Truck Rental, Inc. is a Florida corporation with a principal place of business at 11690 North West 105 Street, Miami, Florida.  Ryder Truck Rental, Inc., and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 536 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Ryder Truck Rental, Inc. at the Site.

68.     Defendant Ryone Manufacturing Co. is a Rhode Island corporation with a principal place of business at 11 Thelma Street, North Providence, Rhode Island.  Ryone Manufacturing Co., generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 162 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Ryone Manufacturing Co. at the Site.

69.     Defendant Savor Street Foods, Inc. is a Pennsylvania corporation with a principal place of business at One Park Plaza, Wyomissing, Pennsylvania. Based upon information and belief, Savor Street Foods, Inc. is a successor-in-interest of Bachman Foods. Bachman Foods generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 7,156 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Bachman Foods at the Site.

70.     Defendant SCI Rhode Island Funeral Services, LLC is a Rhode Island corporation with a principal place of business at 1929 Allen Parkway, Houston, Texas. Based upon information and belief, SCI Rhode Island Funeral Services, LLC is a successor-in-interest of Corbett & Quirk. Corbett & Quirk generated, owned, possessed, or by contract, agreement, or otherwise  arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 444 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Corbett & Quirk at the Site.

71.     Defendant Standish-Johnson Co. ("Standish-Johnson") was incorporated in Rhode Island on July 9, 1973. On  November 6, 2014, the Rhode Island Secretary of State revoked its charter and, as of the date of filing of this Complaint, the charter of Standish-Johnson had not been reinstated. Greatrex Corporation ("Greatrex") was incorporated in Rhode Island on January 21, 1976, and, as of the date of the filing of this Complaint, Greatrex was in good standing with the Rhode Island Secretary of State. Each of these companies has its principal place of business in Rhode Island. Historically, Standish-Johnson and Greatrex have been affiliated companies, having owners, directors, and officers in common. Currently,

on information and belief, Victoria Brown and Pamela Diehl are owners, directors, and officers of both companies. Beginning in the early 1970s, Standish-Johnson, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,644 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Standish-Johnson at the Site. On information and belief, Standish-Johnson has retained responsibility for any liability resulting from disposal of its waste containing hazardous substances, hazardous wastes, and/or hazardous materials at the Site. Alternatively, if because of the revocation of its charter or for any other reason, Standish-Johnson no longer retains such responsibility, then Greatrex is the successor in interest to Standish-Johnson with regard to such liability.

72.     Prior to March 30, 1981, Gary F. Knight d/b/a State Line Motor Inn ("Knight"), conducted the business of a motel named the State Line Motor Inn at 1116 Washington Street, South Attleboro, Massachusetts. Beginning in the mid-1970s Knight generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 568 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Knight at the Site, continuing through March 30, 1981, when he conveyed the State Line Motor Inn property.

73.     Defendant Supply New England, Inc. is a Massachusetts corporation with a principal place of business at 123 East Street, Attleboro, Massachusetts. Based upon information and belief, Supply New England, Inc. is a successor-in-interest of Dalton Ingersoll, Reardon & Lynch, United Supply, and Thornley Supply Company. Dalton

Ingersoll, Reardon & Lynch, United Supply, and Thornley Supply Company generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 2,602 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by them at the Site.

74.     Defendant Taggart Sand Products Corp. is a Rhode Island corporation with a principal place of business at 520 Moshassuck Valley Industrial Highway, Lincoln, Rhode Island.  Taggart Sand Products Corp. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 984 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Taggart Sand Products Corp. at the Site.

75.     Defendant Tercat Tool and Die Co. II, Inc. is a Rhode Island corporation with a principal place of business at 31 Delaine Street, Providence, Rhode Island.  Based upon information and belief, Tercat Tool and Die Co. II, Inc. is a successor-in-interest of Tercat Tool & Dye.  Tercat Tool and Dye generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 392 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Tercat Tool and Dye at the Site.

76.     Defendant Tony & Sons Auto Service is a Rhode Island corporation with a principal place of business at 551 Central Avenue, Pawtucket, Rhode Island.  Tony & Sons Auto Service, and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or

by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 108 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Tony & Sons Auto Service at the Site.

77.      Defendant V.J. Berarducci & Sons, Inc. is a Rhode Island corporation with a principal place of business at 185 Spring Street, Woonsocket, Rhode Island. Based on information and belief, V.J. Berarducci & Sons, Inc. is the successor-in-interest to Berarducci and Sons, Inc. Berarducci and Sons, Inc. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 104 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Berarducci and Sons, Inc. at the Site.

78.      Defendant Town of West Bridgewater is a Massachusetts municipality with a principal place of business at 65 N. Main Street, West Bridgewater, Massachusetts. Town of West Bridgewater, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 5,463 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Town of West Bridgewater at the Site.

79.      Defendant Westfall Manufacturing Co. is a Rhode Island corporation with a principal place of business at 15 Broadcommon Road, Bristol, Rhode Island. Based upon information and belief, Westfall Manufacturing Co. is a successor-in-interest of Westfall Chaffee. Westfall Chaffee generated, owned, possessed, or by contract, agreement, or

otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport
for disposal or treatment of at least 708 cubic yards of waste containing hazardous substances
owned or possessed by Westfall Chaffee at the Site.

80.     Defendant Whittaker Corporation is a Delaware corporation with a principal
place of business at 1955 N. Surveyor Avenue, Simi Valley, California. Based upon
information and belief, Whittaker Corporation is a successor-in-interest of Chemical Products.
Chemical Products, generated, owned, possessed, or by contract, agreement, or otherwise
arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal
or treatment of at least 2,442 cubic yards of waste containing hazardous substances, hazardous
wastes, and/or hazardous materials owned or possessed by Chemical Products at the Site.

81.     Defendant Worthington Industries, Inc. is an Ohio corporation with a principal
place of business at 200 Old Wilson Bridge Road, Columbus, Ohio.  Based upon information
and belief, Worthington Industries, Inc. is a successor-in-interest of Newman Crosby Steel.
Newman Crosby Steel generated, owned, possessed, or by contract, agreement, or otherwise
arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal
or treatment of at least 1,206 cubic yards of waste containing hazardous substances, hazardous
wastes, and/or hazardous materials owned or possessed by Newman Crosby Steel at the Site.

82.     Defendant YRC, Inc. is a Delaware corporation with a principal place of
business at 10990 Roe Avenue, Overland Park, Kansas.  Based upon information and belief,
YRC, Inc. is a successor-in-interest of Yellow Transport and Red Star Express.  Yellow
Transport and Red Star Express generated, owned, possessed, or by contract, agreement, or
otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport
for disposal or treatment of at least 1,043 cubic yards of waste containing hazardous

substances, hazardous wastes, and/or hazardous materials owned or possessed by them at the Site.

## FACTS

83.     The Site is located on Martin Street and Mendon Road in Cumberland, Rhode Island and Lincoln, Rhode Island and is the subject of an environmental cleanup effort being performed by Plaintiff and overseen by the United States Environmental Protection Agency ("EPA") and the Rhode Island Department of Environmental Management ("RIDEM").

84.     The Site encompasses approximately 500 acres, is located in a mixed industrial/commercial and residential/recreational community along the Blackstone River, which also includes a portion of the Blackstone River Valley National Historical Park between the Ashton Dam to the north and the Pratt Dam to the south in the towns of Cumberland and Lincoln, Rhode Island. The Site also includes the 26-acre Lincoln Quinnville Wellfield and the Cumberland Lenox Street municipal water supply.

85.     The Site is over 1-mile-long (5,600 feet) and varies in width from approximately 1,200 feet to 1,900 feet.

86.     The Site consists of several parcels of land, including the J.M. Mills Landfill, the former Nunes Transfer Station operation, and an island between these two areas located in the Blackstone River known as the "Unnamed Island." The Site as a whole is depicted on the map attached as Exhibit B, and a map of areas located within the Site is attached as Exhibit C.

87.     The Blackstone River, which is a tributary of the Seekonk River, abuts the Site.

88.     The J.M. Mills Landfill portion of the Site was an active, 52-acre landfill that operated from approximately 1954 to 1983.

89.     Hundreds of contaminants have been detected at the Site, including but not limited to the following: waste oil; used oil; thinners; alkaline solutions; degreasing solvents; volatile organic compounds ("VOCs") such as benzene, chlorinated benzenes, 1,4-chloromethane, and 1,4-dioxane; semi-volatile organic compounds ("SVOCs") including naphthalene, dimethylphthalate, and acetophenone; and heavy metals including arsenic, barium, cadmium, lead, and mercury.

90.     The above substances are all "hazardous substances" within the meaning of Section 101(14) of CERCLA (42 U.S.C. § 9601(14)) and/or "hazardous wastes," "hazardous materials," or "hazardous substances" within the meaning of R.I. Gen. L. § 23-19.14-3(c), (d), (e) (2014), and the Rhode Island Rules and Regulations for Hazardous Waste Management, 250-RICR-140-10-1.

91.     Hazardous substances, hazardous wastes, and/or hazardous materials of the same kind as that owned, generated, possessed, arranged for disposal and/or transported by Defendants are present at the Site.

92.     Waste disposal documentation and other information confirm that hazardous substances, hazardous wastes, and/or hazardous materials owned, generated, possessed, arranged for disposal and/or transported by Defendants were disposed at the Site.

93.     As a result of the release or threatened release of hazardous substances, hazardous wastes, and/or hazardous materials, EPA and RIDEM took response actions at or in connection with the Site.

94.     Certain members of the Group incurred past response costs, prior to entry of the Consent Decree, of at least $6 million to perform a Remedial Investigation / Feasibility Study ("RI/FS") at the Site under EPA and RIDEM oversight, pursuant to a May 29, 1987

Administrative Order on Consent (as amended, "AOC"), and/or to investigate and identify other potentially responsible parties (PRP's) who contributed hazardous substances to the Site.

95.     Following conclusion of the RI/FS, EPA issued its Record of Decision ("ROD") for Operable Unit No. 2 ("OU2") of the Site on September 8, 2015, describing its proposed remedy for the Site. The OU2 ROD was projected to cost at least $40,300,000.

96.     In January 2017, EPA issued special notice letters to members of the Group and others under CERCLA § 122(e) (42 U.S.C. § 9622(e)), demanding that they perform the ROD and demanding reimbursement of past costs incurred by EPA and RIDEM at the Site, among other demands.

97.     Plaintiff's members, without admitting any Site liability, along with other entities, entered into the Remedial Design/Remedial Action (RD/RA) Consent Decree Peterson/Puritan, Inc. Superfund Site ("Consent Decree"), under the terms of which they agreed for purposes of settlement to (i) reimburse the United States of America and the State of Rhode Island for certain past and future governmental "response" costs and "oversight" costs, and to (ii) perform all further cleanup "Work" (as defined in the Consent Decree) at the Site at extensive cost.

98.     On May 3, 2017, this Court entered the Consent Decree.

99.     Plaintiff (i) has resolved response cost claims with EPA and RIDEM through the Consent Decree, (ii) has reimbursed certain governmental costs in accordance with the Consent Decree, (iii) has incurred response costs in performing under the Consent Decree and (iv) has begun incurring the estimated $40.3 million in response costs in performing the ROD pursuant to the Consent Decree over the course of decades.

100.     The Group and its members have individually and collectively paid and/or will

ultimately pay in excess of their respective equitable share of Site response costs.

101.     To the best of Plaintiff's knowledge, Defendants have incurred no response

costs in relation to the Site.

102.     Plaintiff extended a settlement opportunity to each Defendant prior to initiating

this action; each Defendant rejected or failed to respond to the respective settlement offer.

### COUNT I – COST RECOVERY UNDER CERCLA

103.     This claim is for cost recovery under Section 107(a) of CERCLA (42 U.S.C.

§ 9607(a)) for past response costs of at least $6 million incurred by certain of Plaintiff's

members prior to entry of the Consent Decree for the investigation and remediation of the Site

pursuant to or in connection with the AOC (including performing the RI/FS), and/or

investigating and identifying other PRP's who contributed hazardous substances to the Site

(including Keytronic costs).

104.     Plaintiff repeats and realleges the allegations contained in each Paragraph above

and incorporates them in this claim by reference as if fully set out herein.

105.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA (42

U.S.C. § 9601(9)).

106.     There have been releases, within the meaning of Section 101(22) of CERCLA

(42 U.S.C. § 9601(22)), and threatened releases, of hazardous substances at or from the Site.

107.     Plaintiff's members have incurred and will continue to incur substantial costs

of response, within the meaning of Section 101(25) of CERCLA (42 U.S.C. § 9601(25)), to

respond to the releases or threatened releases of hazardous substances at the Site.

108.     The response actions taken and the response costs incurred by Plaintiff's

members at and in connection with the Site are consistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP"), 40 C.F.R. Part 300.

109.    Each Defendant is a "person" within the meaning of Section 101(21) of CERCLA (42 U.S.C. § 9601(21)).

110.    Each Defendant is liable, pursuant to Section 107(a)(3) (42 U.S.C. § 9607(a)(3)), as a person who, by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of, hazardous substances owned or possessed by each Defendant, and/or itself transported hazardous substances, to the Site, or is a successor to a person or entity that made such arrangement or arrangements or performed such transportation.

111.    The waste materials owned, possessed or generated by the Defendants were not collected and disposed of with other municipal waste as part of normal municipal solid waste collection services, but rather were transported to and disposed of at the Site by commercial waste transporters which, on information and belief, were paid directly by the Defendants for their waste disposal services.

112.    Pursuant to Section 107(a) of CERCLA (42 U.S.C. § 9607(a)), each Defendant is jointly and severally liable to Plaintiff for response costs incurred by the Group and/or its members in performing the RI/FS at the Site pursuant to the AOC and investigating and identifying other PRPs who contributed hazardous substances to the Site, and therefore Plaintiff is entitled to a judgment from each Defendant of at least $6 million in response costs incurred by Group members, plus interest.

## COUNT II – CONTRIBUTION UNDER CERCLA

113.    This claim is for contribution for amounts incurred and to be incurred by Plaintiff

for the investigation and remediation of the Site pursuant to the AOC and Consent Decree and arises under CERCLA § 113(f)(1) (42 U.S.C. § 9613(f)(1)), CERCLA § 113(f)(3)(B) (42 U.S.C. § 9613(f)(3)(B)), and CERCLA § 107(a) (42 U.S.C. § 9607(a)).

114.    Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

115.    Pursuant to the Consent Decree, Plaintiff's members have resolved Site liability they may have to the United States and the State of Rhode Island regarding remedial work and response costs for OU2 and have established their right to seek contribution from third parties, including from Defendants.

116.    Each Defendant is a person or successor to a person who generated, contracted, agreed, or otherwise arranged for disposal or treatment, or themselves transported or arranged for the disposal or treatment of hazardous substances at or to the Site, and each has no defense against liability pursuant to § 107(b), 42 U.S.C. § 9607(b).

117.    Plaintiff's members have incurred, and will continue to incur, costs for investigation and remediation of the Site pursuant to the AOC and Consent Decree in excess of each member's respective equitable shares and therefore are entitled to contribution from each Defendant for its equitable share of such costs.

## COUNT III – LIABILITY UNDER THE RHODE ISLAND INDUSTRIAL PROPERTY REMEDIATION AND REUSE ACT

118.    This claim is for cost recovery and contribution pursuant to the Industrial Property Remediation and Reuse Act, R.I. Gen. L. §§ 23-19.14-1 (2014) *et seq.*

119.    Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

120.     Pursuant to the Consent Decree, Plaintiff's members have resolved Site liability they may have to the United States and the State of Rhode Island regarding remedial work and response costs and have established their right to seek cost recovery and contribution from third parties, including from Defendants.

121.     There was an actual or threatened release of hazardous materials, hazardous substances, and/or hazardous wastes, within the meaning of R.I. Gen. L. §§ 23-19.14-3(c), (d), (e) at or from the Site within the meaning of R.I. Gen. L. §23-19.14-3(j)(1).

122.     Each Defendant is a responsible party because each is a person or successor to a person under R.I. Gen. L. § 23-19.14-3(h) who generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of hazardous materials owned or possessed by that person, at the Site under R.I. Gen. L. § 23-19.14-6(a)(3).

123.     Each Defendant is therefore subject to strict, joint and several liability under R.I. Gen. L. § 23-19.14-6.

124.     As a responsible party under R.I. Gen. L. 23-19.14-6(b), each Defendant is also therefore subject to liability for any and all other necessary costs of removal or remedial action incurred by Plaintiff's members.

125.     No Defendant is exempt from liability under R.I. Gen. L. § 23-19.14-7.

## COUNT IV – LIABILITY UNDER THE RHODE ISLAND HAZARDOUS WASTE MANAGEMENT ACT

126.     This claim is for cost recovery and/or contribution under the Hazardous Waste Management Act, R.I. Gen. L. §§ 23-19.1-1 (2014) *et seq.*

127.     Plaintiff repeats and realleges the allegations contained in each Paragraph above

and incorporates them in this claim by reference as if fully set out herein.

128. Pursuant to the Consent Decree, Plaintiff's members have resolved Site liability they may have to the United States and the State of Rhode Island regarding remedial work and response costs and have established their right to seek cost recovery and contribution from third parties, including from Defendants, for all past and future response costs associated with the Site.

129. Each Defendant is a person who generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, and/or accepted for transport and selected the Site, hazardous wastes or hazards materials to the Site, thereby leading to the unpermitted disposal of hazardous waste under R.I. Gen. L. § 23-19.1-4.

130. There were disposals of hazardous wastes at the Site within the meaning of R.I. Gen. L. § 23-19.1-4(3).

131. No Defendant obtained a permit for such disposals under R.I. Gen. L. § 23-19.1-10(a). Nor did any Defendant obtain a variance to a permit under R.I. Gen. L. 23-19.1-11(a).

132. Defendants are subject to absolute liability for the cost of containment, cleanup, restoration, and removal of the hazardous wastes, and for all damages, losses, or injuries, including environmental, which result directly or indirectly from the discharge under R.I. Gen. L. § 23-19.1-22.

## COUNT V – LIABILITY FOR DAMAGES UNDER R.I. GEN. L. § 46-12

133. This claim is for damages under R.I. Gen. L. §§ 46-12-1 *et seq.*

134. Plaintiff repeats and realleges the allegations contained in each Paragraph above

and incorporates them in this claim by reference as if fully set out herein.

135.    Each Defendant placed or caused to be placed pollutants in a location where such pollutants were likely to enter or be discharged into waters, as defined in R.I. Gen. L. § 46-12-1.

136.    Such placement leading to pollutants entering any waters is prohibited under R.I. Gen. L. § 46-12-5.

137.    Defendants are each liable to Plaintiff for any damage Plaintiff suffered as a result of such pollution under R.I. Gen. L. § 46-12-21.

**COUNT VI – LIABILITY UNDER R.I. GEN. L. § 46-13.1**

138.    This claim is for cost recovery and contribution under R.I. Gen. L. §§ 46-13.1-1 (2014) *et seq*.

139.    Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

140.    There were unpermitted discharges of contaminants and/or toxic pollutants to groundwater at, from, or around the Site leading to a degradation of ambient water quality as defined in R.I. Gen. L. § 46-13.1-3.

141.    Each Defendant is liable for such discharges from the Site under R.I. Gen. L. § 46-13.1-2.

**COUNT VII – CONTRIBUTION UNDER R.I. GEN. L. § 10-6**

142.    This claim is for contribution under R.I. Gen L §§ 10-6-1 (2013) *et seq.*, providing for a right of contribution amongst joint tortfeasors. The purpose of the act is to prevent the injustice of one tortfeasor paying more than its fair share of damages.

143.    Plaintiff repeats and realleges the allegations contained in each Paragraph above

and incorporates them in this claim by reference as if fully set out herein.

144.    Each Defendant is responsible to Plaintiffs for its proportionate share of any Site costs incurred or to be incurred as a result of the obligations established by the Consent Decree.

145.    Plaintiffs have incurred, and will continue to incur, costs for cleanup and remediation of the Site pursuant to the Consent Decree and therefore are entitled to contribution from each Defendant for its proportionate share of such costs.

## COUNT VIII – DECLARATORY RELIEF UNDER CERCLA

146.    This claim is for declaratory relief under CERCLA§ 113(g)(2) (42 U.S.C. § 9613(g)(2)).

147.    Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

148.    There is a real and actual controversy between Plaintiff and each Defendant concerning the nature and extent of each Defendant's liability for and obligation to pay toward response costs in connection with the Site.

149.    Plaintiff is entitled to a declaration that Defendants are liable to Plaintiff for each Defendant's equitable/proportionate share of response costs and obligations incurred and to be incurred by Plaintiff in relation to the Site.

## COUNT IX – DECLARATORY RELIEF UNDER R.I. GEN. L. § 9-30-1

150.    This claim is for declaratory relief under R.I. Gen. L. § 9-30-1 (2014).

151.    Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

152.    There is a real and actual controversy between Plaintiff and each Defendant concerning the nature and extent of each Defendant's liability for and obligation to pay toward response costs in connection with the Site.

153.    Plaintiff is entitled to a declaration that Defendants are liable to Plaintiff for each Defendant's equitable/proportionate share of response costs and obligations incurred and to be incurred by Plaintiff in relation to the Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(a)    As to the First Claim For Relief, enter judgment under Section 107(a) of CERCLA in favor of Plaintiff and against each Defendant, jointly and severally, for all past response costs incurred by the Group's members related to the Site, including performing the RI/FS at the Site pursuant to the AOC and investigating and identifying other PRPs who contributed hazardous substances to the Site, and applicable interest as provided by law;

(b)    As to the Second Claim For Relief, enter judgment under Sections 113(f)(1), 113(f)(3)(B), and 113(g)(2) of CERCLA in favor of Plaintiff and against each Defendant, severally, for contribution in an amount equal to its respective equitable share of all past and future response costs and any other costs incurred and to be incurred by the Group and/or its members in connection with the investigation, cleanup and remediation of the Site (including response costs for performing the remedy pursuant to the Consent Decree, performing the RI/FS pursuant to the AOC, investigating and identifying other PRPs who contributed hazardous substances to the Site, and any such costs attributable to any Orphan share, and applicable interest as provided by law;

(c)    As to the Third through Seventh Claims For Relief, enter judgment in favor of Plaintiff and against each Defendant in an amount equal to such Defendant's respective equitable/proportionate share of all costs and obligations incurred and to be incurred by Plaintiff and its members in connection with the investigation, cleanup, and remediation of the Site;

(d)    As to the Eighth and Ninth Claims For Relief, declare that each Defendant is liable to Plaintiff for its respective equitable/proportionate share of all past and future costs and other costs or obligations incurred and to be incurred by Plaintiff in connection with the investigation, cleanup, and remediation of the Site;

(e)    Award Plaintiff its attorneys' fees and costs in prosecuting this action; and

(f)    Grant such other and further relief as the Court determines is just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

**PLAINTIFF**

PETERSON-PURITAN SITE OU 2 REMEDIAL
ACTION GROUP

By its Attorneys:

By: */s/ Patrick T. Jones*
       Patrick T. Jones, Esq.
       Ralph R. Liguori, Esq.
       JONES KELLEHER LLP
       One Center Place
       Providence, RI  02903
       (401) 273-0800
       pjones@joneskell.com
       rliguori@joneskell.com

40

By: /s/    *Curtis A. Connors*
    Roy P. Giarrusso, *pro hac vice petition pending*
    Curtis A. Connors, *pro hac vice petition pending*
    GIARRUSSO, NORTON, COOLEY
    & McGLONE, P.C.
    Marina Bay
    308 Victory Road
    Quincy, MA 02171
    (617) 770-2900
    rgiarrusso@gncm.net
    cconnors@gncm.net


By: /s/    *Winthrop A. Short*
    Winthrop A. Short Jr., *pro hac vice petition pending*
    KAUFMAN & CANOLES, P.C.
    One City Center
    11815 Fountain Way, Suite 400
    Newport News, VA 23606
    (757) 873-6300 (Telephone)
    washort@kaufcan.com


DATED: September 6, 2018