UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

|  |  |  |
|---|---|---|
| PETERSON-PURITAN SITE OU 2 REMEDIAL ACTION GROUP, | ) ) ) | Civil Action No. 18-497-WES-PAS |
| Plaintiff, | ) ) ) |  |
| v. | ) ) ) | JURY TRIAL REQUESTED |
| AMERIGAS PARTNERS, L.P.; ATAMIAN MANUFACTURING CORP.; ATTLEBORO SAND & GRAVEL CORP.; AVON PRODUCTS, INC.; BERGER & COMPANY RECYCLING, INC.; BLACKSTONE SUBARU, INC.; CATAMORE HOLDINGS, INC.; CENTRAL FALLS PLATE GLASS COMPANY; CENTRAL PAPER CO., INC.; COMMEMORATIVE BRANDS, INC.; CONSOLIDATED CONCRETE CORP.; DR. PETER M. COURNOYER d/b/a GANSETT ANIMAL HOSPITAL; CREST MANUFACTURING COMPANY; D&M OLD FASHIONED PIZZA, INC.; DEL'S LIMITED FAMILY PARTNERSHIP; DIAL BATTERY PAINT & AUTO SUPPLY, INC.; DIAMOND HILL ANIMAL CLINIC, INC. d/b/a GANSETT ANIMAL HOSPITAL; DON'S DINER, INC.; EAST BAY ANIMAL HOSPITAL, INC. d/b/a GANSETT ANIMAL HOSPITAL; EEM, INC.; ELLIS NURSING HOME, INC.; FORCIER CONSTRUCTION CO., INC.; GILBANE, INC.; GILMORE'S LLC; GRIMES BOX CO., INC.; HARDEE'S FOOD SYSTEMS, LLC; INTERNATIONAL HOUSE OF PANCAKES, LLC; J&D PIZZA, INC.; J A R BAKERS SUPPLY, INC.; KFC CORPORATION; LIFTBAG USA, INC.; M&G MATERIALS HANDLING CO.; MA RIVA'S, INC.; MANNY'S OIL INCORPORATED; MANNY'S SERVICE CENTER, INC.; MARITIME INTERNATIONAL, INC.; MARRIOTT CORPORATION; MCKEE BROS. OIL CORP.; METACOMET COUNTRY CLUB; NATIONWIDE TRACTOR TRAILER DRIVING SCHOOL INC.; NN, INC.; OCEAN SPRAY CRANBERRIES, INC.; PACKAGING | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  |

CORPORATION OF AMERICA; PALAGI'S )
2000, INC.; PICERNE COMMERCIAL )
POOL, LLC; PINE VALLEY COUNTRY )
CLUB, INC.; PLAINVILLE MACHINE )
WORKS, INC.; RHODE ISLAND GLASS )
COMPANY, INC.; RYONE )
MANUFACTURING CO.; SAREBSU, INC.; )
SHM COVE HAVEN, LLC; )
STANDISH-JOHNSON CO.; GREATREX )
CORPORATION; STURDY MEMORIAL )
HOSPITAL, INC.; SYSCO CORPORATION; )
TAGGART SAND PRODUCTS CORP.; TERCAT )
TOOL AND DYE CO. II, INC.; THERIENS, LLC; )
and V.J. BERARDUCCI & SONS, )
)
              Defendants. )
_____)

## SECOND AMENDED COMPLAINT

The Peterson-Puritan Site OU 2 Remedial Action Group ("Group") for its Second

Amended Complaint against Defendants asserts the following:

## STATEMENT OF THE CASE

1.      This is a civil action pursuant to the provisions of the Comprehensive

Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C.

§§ 9601 *et seq.* ("CERCLA") and Rhode Island state law, for the recovery of past and future

response costs incurred and to be incurred by the Group for response actions undertaken and to

be undertaken by its members at Operable Unit 2 of the Peterson/Puritan, Inc. Superfund Site

("Site") located in Cumberland and Lincoln, Rhode Island. The Group alleges that there has been

a release and/or threat of release of hazardous substances, hazardous wastes, and/or hazardous

materials at and/or from the Site, which hazardous substances, hazardous wastes, and/or

hazardous materials have contaminated the soil, sediments and water at and in the vicinity of the

Site and have threatened the public health and the environment. Each of the Defendants owned,

generated, possessed, arranged for disposal of and/or transported hazardous substances, hazardous wastes and/or hazardous materials that were disposed of at the Site

2.      The Group seeks recovery of response costs and/or contribution from each Defendant pursuant to Section 107(a) of CERCLA (42 U.S.C. § 9607(a)); Section 113(f)(1) of CERCLA (42 U.S.C. § 9613(f)(1)); the Rhode Island Industrial Property Remediation and Reuse Act, R.I. Gen. L. §§ 23-19.14 *et seq.*; the Rhode Island Hazardous Waste Management Act, R.I. Gen. L. §§ 23-19.1 *et seq.*; R.I. Gen. L. §§ 46-12, *et seq.*; R.I. Gen. L. §§ 46-13.1 *et seq.*; and R.I. Gen L §§ 10-6 *et seq.* for past and future response costs which the Group and/or certain of its members have incurred and will incur in the future at the Site, along with a declaration as to each Defendant's liability for future response costs to be incurred by the Group at the Site.

## JURISDICTION AND VENUE

3.      This action arises under the Comprehensive Environmental Response, Compensation, and Liability Act of the United States (42 U.S.C. §§ 9601 *et seq.*) and Rhode Island statutory law.

4.      Jurisdiction of this Court is founded upon 28 U.S.C. § 1331 with supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 and pendent jurisdiction over related State law claims.

5.      This Court also has subject matter jurisdiction over the claim for declaratory relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 9613(g)(2).

6.      Venue is laid in this Judicial District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b).

**PARTIES**

7.    Plaintiff, Peterson-Puritan Site OU 2 Remedial Action Group is an organization duly formed by agreement among its members regarding response actions undertaken and to be undertaken at the Site. The members of the Group are listed in Exhibit A hereto.

8.    Defendants are parties who, and/or whose predecessors-in-interest, owned, generated, possessed, arranged for disposal and/or transported hazardous substances, hazardous wastes and/or hazardous materials disposed of at the Site.

9.    Defendant Amerigas Partners, L.P. is a Delaware corporation with a principal place of business at 460 North Gulph Road, King of Prussia, Pennsylvania. Based upon information and belief, Amerigas Partners, L.P. is a successor-in-interest of Petrolane, Inc. Petrolane, Inc. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 130 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Petrolane, Inc. at the Site.

10.    Defendant Atamian Manufacturing Corp. is a Rhode Island corporation with a principal place of business at 910 Plainfield Street, Providence, Rhode Island. Based upon information and belief, Atamian Manufacturing Corp. is a successor-in-interest of Atamian Mfg. Co., Inc. Atamian Mfg. Co., Inc. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 80 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Atamian Mfg. Co., Inc. at the Site.

4

11.    Defendant Attleboro Sand & Gravel Corp. is a Rhode Island corporation with a principal place of business at 3 Belcher Street, Plainville, Massachusetts. Based upon information and belief, Attleboro Sand & Gravel Corp. is a successor-in-interest of Morse Sand & Gravel.  Morse Sand & Gravel generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 164 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Morse Sand & Gravel at the Site.

12.    Defendant Avon Products, Inc. is a New York corporation with a principal place of business at 601 Midland Avenue, Rye, New York. Based upon information and belief, Avon Products, Inc. is a successor-in-interest of Avon Products. Avon Products generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 246 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Avon Products at the Site.

13.    Defendant Berger & Company Recycling, Inc. is a Rhode Island corporation with a principal place of business at 126 Front Street, Pawtucket, Rhode Island.  Based upon information and belief, Berger & Company Recycling, Inc. is a successor-in-interest of Berger Paper.   Berger Paper generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 6,482 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Berger Paper at the Site.

14.    Defendant Blackstone Subaru, Inc. is a Rhode Island corporation with a principal place of business at 11 Taunton Avenue, Seekonk, Massachusetts. Blackstone Subaru, Inc. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 442 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Blackstone Subaru, Inc. at the Site.

15.    Defendant Catamore Holdings, Inc. is a Rhode Island corporation with a principal place of business at 3 Sunset View Drive, Tiverton, Rhode Island. Based upon information and belief, Catamore Holdings, Inc. is a successor-in-interest of Matrix. Matrix generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 3,890 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Matrix at the Site.

16.    Defendant Central Falls Plate Glass Company is a Rhode Island corporation with a principal place of business at 481 Broad Street, Central Falls, Rhode Island. Based upon information and belief, Central Falls Plate Glass Company is a successor-in-interest of Central Falls Glass. Central Falls Glass generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,734 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Central Falls Glass at the Site.

17.    Defendant Central Paper Co., Inc. is a Rhode Island corporation with a principal place of business at 1495 Newport Avenue, Pawtucket, Rhode Island. Central Paper Co., Inc.,

and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,238 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Central Paper Co., Inc. at the Site.

18.     Defendant Commemorative Brands, Inc. is a Delaware corporation with a principal place of business at 1550 West Mockingbird Lane, Dallas, Texas. Based upon information and belief, Commemorative Brands, Inc. is a successor-in-interest of L.G. Balfour Co.  L.G. Balfour Co. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 840 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by L.G. Balfour Co.at the Site.

19.     Defendant Consolidated Concrete Corp. is a Rhode Island corporation with a principal place of business at 835 Taunton Avenue, East Providence, Rhode Island. Consolidated Concrete Corp. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 958 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Consolidated Concrete Corp. at the Site.

20.     Defendant Dr. Peter M. Cournoyer d/b/a Gansett Animal Hospital is an individual with an address at 167 Newport Avenue, East Providence, Rhode Island. Based upon information and belief, Dr. Peter M. Cournoyer d/b/a Gansett Animal Hospital is a successor-in-interest of Gansett Animal Hospital. Gansett Animal Hospital and/or its affiliates or

predecessors-in-interest generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 420 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Gansett Animal Hospital at the Site.

21.    Defendant Crest Manufacturing Company is a Rhode Island corporation with a principal place of business at 5 Hood Drive, Lincoln, Rhode Island. Based on information and believe, Crest Manufacturing Company is the successor-in-interest to Crest Mfg. Crest Mfg generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 2,088 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Crest Mfg at the Site.

22.    Defendant D&M Old Fashioned Pizza, Inc. is a Massachusetts corporation with a principal place of business at 290 County Street, Attleboro, Massachusetts. Based upon information and belief, D&M Old Fashioned Pizza, Inc. is a successor-in-interest of D&M Pizza. D&M Pizza generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 204 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by D&M Pizza at the Site.

23.    Defendant Del's Limited Family Partnership is a Rhode Island corporation with a principal place of business at 1260 Oaklawn Avenue, Cranston, Rhode Island. Based upon information and belief, Del's Family Limited Partnership is a successor-in-interest of Del's Lemonade. Del's Limited Family Partnership generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter

8

for transport for disposal or treatment of at least 262 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Del's Limited Family Partnership at the Site.

24.     Defendant Dial Battery Paint & Auto Supply, Inc. is a Rhode Island corporation with a principal place of business at 414 Taunton Avenue, East Providence, Rhode Island. Dial Battery Paint & Auto Supply, Inc., and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 320 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Dial Battery Paint & Auto Supply, Inc. at the Site.

25.     Defendant Diamond Hill Animal Clinic, Inc. d/b/a Gansett Animal Hospital is a revoked Rhode Island corporation with a principal place of business at 167 Newport Avenue, East Providence, Rhode Island.  Based upon information and belief, Diamond Hill Animal Clinic, Inc. d/b/a Gansett Animal Hospital is a successor-in-interest of Gansett Animal Hospital. Gansett Animal Hospital and/or its affiliates or predecessors-in-interest generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 420 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Gansett Animal Hospital at the Site.

26.     Defendant Don's Diner, Inc. is a Massachusetts corporation with a principal place of business at 121 South Street, Plainville, Massachusetts. Don's Diner, Inc., and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or

treatment of at least 7,444 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Don's Diner, Inc. at the Site.

27. Defendant East Bay Animal Hospital, Inc. d/b/a Gansett Animal Hospital is a Massachusetts corporation with a principal place of business at 643 Fall River Avenue, Seekonk, Massachusetts. Based upon information and belief, East Bay Animal Hospital, Inc. d/b/a Gansett Animal Hospital is a successor-in-interest of Gansett Animal Hospital. Gansett Animal Hospital and/or its affiliates or predecessors-in-interest generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 420 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Gansett Animal Hospital at the Site.

28. Defendant EEM, Inc. is a Rhode Island corporation with a principal place of business at 3313 Millwood Way, Saint Augustine, Florida. Based upon information and belief, EEM, Inc. is a successor-in-interest of Bradley Press. Bradley Press generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 514 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Bradley Press at the Site.

29. Defendant Ellis Nursing Home, Inc. is a Massachusetts corporation with a principal place of business at 135 Ellis Avenue, Norwood, Massachusetts. Based upon information and belief, Ellis Nursing Home, Inc. is a successor-in-interest of Ellis Nursing Home. Ellis Nursing Home generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for

10

disposal or treatment of at least 286 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Ellis Nursing Home at the Site.

30.    Defendant Forcier Construction Co., Inc. is a Rhode Island corporation with a principal place of business at 30 Lori Lane, Coventry, Rhode Island. Based upon information and belief, Forcier Construction Co., Inc. is a successor-in-interest of Forcier Ind. Forcier Ind generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 990 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Forcier Ind at the Site.

31.    Defendant Gilbane, Inc. is a Rhode Island corporation with a principal place of business at 7 Jackson Walkway, Providence, Rhode Island. Based upon information and belief, Gilbane, Inc. is a successor-in-interest of Gilbane Construction. Gilbane Construction generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,230 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Gilbane Construction at the Site.

32.    Defendant Gilmore's LLC is a Rhode Island limited liability company with a principal place of business at 411 N. Broadway, Rumford, Rhode Island. Based upon information and belief, Gilmore's LLC is a successor-in-interest of Rumford Sunoco. Rumford Sunoco generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of

at least 142 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Rumford Sunoco at the Site.

33.     Defendant Grimes Box Co., Inc. is a Rhode Island corporation with a principal place of business at 112 Telmore Road, Warwick, Rhode Island. Based upon information and belief, Grimes Box Co., Inc. is a successor-in-interest of Grimes Box Co.  Grimes Box Co. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 164 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Grimes Box Co. at the Site.

34.     Defendant Hardee's Food Systems, LLC is a North Carolina limited liability company with a principal place of business at 6700 Tower Circle, Suite 1000, Franklin, Tennessee. Based upon information and belief, Hardee's Food Systems, LLC is a successor-in-interest of Burger Chef.  Burger Chef generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 19,902 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Burger Chef at the Site.

35.     Defendant International House of Pancakes, LLC is a Delaware limited liability company with a principal place of business at 450 North Brand Boulevard, 7th Floor, Glendale, California. International House of Pancakes, LLC, and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 5,888 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by International House of Pancakes, LLC at the Site.

36.     Defendant J & D Pizza, Inc. is a Massachusetts corporation with a principal place of business at 1123 Oak Hill Avenue, Attleboro, Massachusetts. Based upon information and belief, J&D Pizza, Inc. is a successor-in-interest of J&D Pizza. J&D Pizza generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 542 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by J&D Pizza at the Site.

37.     Defendant J A R Bakers Supply, Inc. is a Rhode Island corporation with a principal place of business at 12 Crow Point Road, Lincoln, Rhode Island. Based on information and belief, J A R Bakers Supply, Inc. is the successor-in-interest to JAR Bakers Supply. JAR Bakers Supply generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 798 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by JAR Bakers Supply at the Site.

38.     Defendant KFC Corporation is a Delaware corporation with a principal place of business at 1441 Gardiner Lane, Louisville, Kentucky. Based upon information and belief, KFC Corporation is a successor-in-interest of Kentucky Fried Chicken. Kentucky Fried Chicken generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,276 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Kentucky Fried Chicken at the Site.

39.     Defendant Liftbag USA, Inc. is a Rhode Island corporation with a principal place of business in North Kingstown, Rhode Island. Based upon information and belief, Liftbag USA,

Inc. is a successor-in-interest of Sub Salve. Sub Salve generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 232 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Sub Salve at the Site.

40.    Defendant M&G Materials Handling Co. is a Rhode Island corporation with a principal place of business at 860 Waterman Avenue, East Providence, Rhode Island. Based upon information and belief, M&G Materials Handling Co. is a successor-in-interest of M&G Handling. M&G Handling generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 196 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by M&G Handling at the Site.

41.    Defendant Ma Riva's, Inc. is a Massachusetts corporation with a principal place of business at 323 Manley Street, West Bridgewater, Massachusetts. Based upon information and belief, Ma Riva's, Inc. is a successor-in-interest of Deangalo's Restaurant. Deangalo's Restaurant generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 264 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Deangalo's Restaurant at the Site.

42.    Defendant Manny's Oil Incorporated is a Rhode Island corporation with a principal place of business at 290 Kenyon Avenue, Pawtucket, Rhode Island. Based upon information and belief, Manny's Oil Incorporated is a successor-in-interest of Manny's Oil Service. Manny's Oil Service generated, owned, possessed, or by contract, agreement, or

otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 602 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Manny's Oil Service at the Site.

43.    Defendant Manny's Service Center, Inc. is a Rhode Island corporation with a principal place of business at 645 Armistice Blvd, Pawtucket, Rhode Island. Based upon information and belief, Manny's Service Center, Inc. is a successor-in-interest of Manny's Arco. Manny's Arco generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 304 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Manny's Arco at the Site.

44.    Defendant Maritime International, Inc. is a Rhode Island corporation with a principal place of business at 276 MacArthur Drive, New Bedford, Massachusetts. Based upon information and belief, Maritime International, Inc. is a successor-in-interest of Merchants Cold Storage. Merchants Cold Storage generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,996 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Merchants Cold Storage at the Site.

45.    Defendant Marriott Corporation is a Delaware corporation with a principal place of business at 10400 Fernwood Road, Bethesda, Maryland. Based upon information and belief, Marriott Corporation is a successor-in-interest of Howard Johnson Restaurant. Howard Johnson Restaurant generated, owned, possessed, or by contract, agreement, or otherwise arranged for

disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 8,911 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Howard Johnson Restaurant at the Site.

46.    Defendant McKee Bros. Oil Corp. is a Rhode Island corporation with a principal place of business at 8 Davis Street, Cumberland, Rhode Island. McKee Bros. Oil Corp., and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 288 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by McKee Bros. Oil Corp. at the Site.

47.    Defendant Metacomet Country Club is a Rhode Island corporation with a principal place of business at 500 Veterans Memorial Parkway, E. Providence, Rhode Island. Metacomet Country Club, and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 3,622 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Metacomet Country Club at the Site.

48.    Defendant Nationwide Tractor Trailer Driving School Inc. is a dissolved Rhode Island corporation with a principal place of business at 230 Ronald Avenue, Cumberland, Rhode Island. Based upon information and belief, Nationwide Tractor Trailer Driving School Inc. is a successor-in-interest of New England Tractor. New England Tractor generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 136 cubic yards of

waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by New England Tractor at the Site.

49.     Defendant NN, Inc. is a Delaware corporation with a principal place of business at 207 Mockingbird lane, Johnson City, Tennessee. Based upon information and belief, NN, Inc. is a successor-in-interest of Advance Industries, Polymetallurgical Corporation, and Burst Range. Advance Industries, Polymetallurgical Corporation, and/or Burst Range generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,564 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Advance Industries, Polymetallurgical Corporation, and/or Burst Range at the Site.

50.     Defendant Ocean Spray Cranberries, Inc. is a Delaware corporation with a principal place of business at 1 Ocean Spray Drive, Lakeville, Massachusetts. Based upon information and belief, Ocean Spray Cranberries, Inc. is a successor-in-interest of Ocean Spray. Ocean Spray generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 510 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Ocean Spray at the Site.

51.     Defendant Packaging Corporation of America is a Delaware corporation with a principal place of business at 1 North Field Court, Lake Forest, Illinois. Based upon information and belief, Packaging Corporation of America is a successor-in-interest of Boise Cascade and RI Cardboard. Boise Cascade and RI Cardboard generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter

for transport for disposal or treatment of at least 2,622 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Boise Cascade and/or RI Cardboard at the Site.

52.    Defendant Palagi's 2000, Inc. is a Rhode Island corporation with a principal place of business at 55 Bacon Street, Pawtucket, Rhode Island. Based upon information and belief, Palagi's 2000, Inc. is a successor-in-interest of Palagi's Ice Cream. Palagi's Ice Cream generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 398 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Palagi's Ice Cream at the Site.

53.    Defendant Picerne Commercial Pool, LLC is a Rhode Island limited liability company with a principal place of business at 75 Lambert Lind Highway, Warwick, Rhode Island. Based upon information and belief, Picerne Commercial Pool, LLC is a successor-in-interest of K&P Executive Office Park. K&P Executive Office Park generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 460 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by K&P Executive Office Park at the Site.

54.    Defendant Pine Valley Country Club, Inc. is a Massachusetts corporation with a principal place of business at 136 Providence Street, Rehoboth, Massachusetts. Based upon information and belief, Pine Valley Country Club, Inc. is a successor-in-interest of Pine Valley Golf Course. Pine Valley Golf Course generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport

for disposal or treatment of at least 114 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Pine Valley Golf Course at the Site.

55.     Defendant Plainville Machine Works, Inc. is a Massachusetts corporation with a principal place of business at 20 High Street, Plainville, Massachusetts. Plainville Machine Works, Inc., generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,658 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Plainville Machine Works, Inc. at the Site.

56.     Defendant Rhode Island Glass Company, Inc. is a Rhode Island corporation with a principal place of business at 375 Washington Street, Providence, Rhode Island. Rhode Island Glass Company, Inc., and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 347 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Rhode Island Glass Company, Inc. at the Site.

57.     Defendant Ryone Manufacturing Co. is a Rhode Island corporation with a principal place of business at 11 Thelma Street, North Providence, Rhode Island. Ryone Manufacturing Co., generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 162 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Ryone Manufacturing Co. at the Site.

58.     Defendant Sarebsu, Inc. is a Massachusetts corporation with a principal place of business at 1503 Park Street, Attleboro, Massachusetts. Based upon information and belief, Sarebsu, Inc. is a successor-in-interest of Briggs Corner Quick-Pick.  Briggs Corner Quick-Pick generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 306 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Briggs Corner Quick-Pick at the Site.

59.     Defendant SHM Cove Haven, LLC is a Delaware limited liability company with a principal place of business at 14785 Preston Road, Suite 975, Dallas, Texas. Based upon information and belief, SHM Cove Haven, LLC is a successor-in-interest of Cove Haven Marina.  Cove Haven Marina generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 514 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Cove Haven Marina at the Site.

60.     Defendant Standish-Johnson Co. ("Standish-Johnson") was incorporated in Rhode Island on July 9, 1973. On November 6, 2014, the Rhode Island Secretary of State revoked its charter and, as of the date of filing of this First Amended Complaint, the charter of Standish-Johnson had not been reinstated. Greatrex Corporation ("Greatrex") was incorporated in Rhode Island on January 21, 1976, and, as of the date of the filing of this First Amended Complaint, Greatrex was in good standing with the Rhode Island Secretary of State. Each of these companies has its principal place of business in Rhode Island. Historically, Standish-Johnson and Greatrex have been affiliated companies, having owners, directors, and officers in

20

common. Currently, on information and belief, Victoria Brown and Pamela Diehl are owners, directors, and officers of both companies. Beginning in the early 1970s, Standish-Johnson, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,644 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Standish-Johnson at the Site. On information and belief, Standish-Johnson has retained responsibility for any liability resulting from disposal of its waste containing hazardous substances, hazardous wastes, and/or hazardous materials at the Site. Alternatively, if because of the revocation of its charter or for any other reason, Standish-Johnson no longer retains such responsibility, then Greatrex is the successor in interest to Standish-Johnson with regard to such liability.

61.    Defendant Sturdy Memorial Hospital, Inc. is a Massachusetts corporation with a principal place of business at 211 Park Street, Attleboro, Massachusetts. Based upon information and belief, Sturdy Memorial Hospital, Inc. is a successor-in-interest of Sturdy Memorial Hospital.  Sturdy Memorial Hospital generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 360 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Sturdy Memorial Hospital at the Site.

62.    Defendant Sysco Corporation is a Delaware corporation with a principal place of business at 1390 Enclave Parkway, Houston, Texas. Based upon information and belief, Sysco Corporation is a successor-in-interest of Hallsmith.  Hallsmith generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a

transporter for transport for disposal or treatment of at least 186 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Hallsmith at the Site.

63.    Defendant Taggart Sand Products Corp. is a Rhode Island corporation with a principal place of business at 520 Moshassuck Valley Industrial Highway, Lincoln, Rhode Island. Taggart Sand Products Corp. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 984 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Taggart Sand Products Corp. at the Site.

64.    Defendant Tercat Tool and Die Co. II, Inc. is a Rhode Island corporation with a principal place of business at 31 Delaine Street, Providence, Rhode Island. Based upon information and belief, Tercat Tool and Die Co. II, Inc. is a successor-in-interest of Tercat Tool & Dye. Tercat Tool and Dye generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 392 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Tercat Tool and Dye at the Site.

65.    Defendant Theriens, LLC is a Rhode Island limited liability company with a principal place of business at 3536 Mendon Road, Cumberland, Rhode Island. Based upon information and belief, Theriens, LLC is a successor-in-interest of Theriens Texaco.  Theriens Texaco generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of

at least 104 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Theriens Texaco at the Site.

66.     Defendant V.J. Berarducci & Sons, Inc. is a Rhode Island corporation with a principal place of business at 185 Spring Street, Woonsocket, Rhode Island. Based on information and belief, V.J. Berarducci & Sons, Inc. is the successor-in-interest to Berarducci and Sons, Inc. Berarducci and Sons, Inc. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 104 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Berarducci and Sons, Inc. at the Site.

## FACTS

67.     The Site is located on Martin Street and Mendon Road in Cumberland, Rhode Island and Lincoln, Rhode Island and is the subject of an environmental cleanup effort being performed by Plaintiff and overseen by the United States Environmental Protection Agency ("EPA") and the Rhode Island Department of Environmental Management ("RIDEM").

68.     The Site encompasses approximately 500 acres, is located in a mixed industrial/commercial and residential/recreational community along the Blackstone River, which also includes a portion of the Blackstone River Valley National Historical Park between the Ashton Dam to the north and the Pratt Dam to the south in the towns of Cumberland and Lincoln, Rhode Island. The Site also includes the 26-acre Lincoln Quinnville Wellfield and the Cumberland Lenox Street municipal water supply.

69.     The Site is over 1-mile-long (5,600 feet) and varies in width from approximately 1,200 feet to 1,900 feet.

23

70.     The Site consists of several parcels of land, including the J.M. Mills Landfill, the former Nunes Transfer Station operation, and an island between these two areas located in the Blackstone River known as the "Unnamed Island." The Site as a whole is depicted on the map attached as Exhibit B, and a map of areas located within the Site is attached as Exhibit C.

71.     The Blackstone River, which is a tributary of the Seekonk River, abuts the Site.

72.     The J.M. Mills Landfill portion of the Site was an active, 52-acre landfill that operated from approximately 1954 to 1983.

73.     Pursuant to 42 U.S.C. § 9605(a)(8)(B), the EPA added the Site to the National Priorities List on September 8, 1983 and assigned it Site EPA ID RID055176283.

74.     Hundreds of contaminants have been detected at the Site, including but not limited to the following: waste oil; used oil; thinners; alkaline solutions; degreasing solvents; volatile organic compounds ("VOCs") such as benzene, chlorinated benzenes, 1,4-chloromethane, and 1,4-dioxane; semi-volatile organic compounds ("SVOCs") including naphthalene, dimethylphthalate, and acetophenone; and heavy metals including arsenic, barium, cadmium, lead, and mercury.

75.     The above substances are all "hazardous substances" within the meaning of Section 101(14) of CERCLA (42 U.S.C. § 9601(14)) and/or "hazardous wastes," "hazardous materials," or "hazardous substances" within the meaning of R.I. Gen. L. § 23-19.14-3(c), (d), (e) (2014), and the Rhode Island Rules and Regulations for Hazardous Waste Management, 250-RICR-140-10-1.

76.     Hazardous substances, hazardous wastes, and/or hazardous materials of the same kind as that owned, generated, possessed, arranged for disposal and/or transported by Defendants are present at the Site.

77.     Waste disposal documentation and other information confirm that hazardous substances, hazardous wastes, and/or hazardous materials owned, generated, possessed, arranged for disposal and/or transported by Defendants were disposed at the Site.

78.     The waste materials owned, possessed or generated by the Defendants were not collected and disposed of with other municipal waste as part of normal municipal solid waste collection services, but rather were transported to and disposed of at the Site by commercial waste transporters which, on information and belief, were paid directly by the Defendants for their waste disposal services.

79.     As a result of the release or threatened release of hazardous substances, hazardous wastes, and/or hazardous materials, EPA and RIDEM took response actions at or in connection with the Site.

80.     Certain members of the Group incurred past response costs, prior to entry of the Consent Decree, of at least $6 million as a result of, among other things, performance of investigation and analysis of remedial options at the Site and/or investigation and identification of other potentially responsible parties (PRP's) who contributed hazardous substances to the Site.

81.     Based on the Record of Decision ("ROD") issued by the EPA for Operable Unit No. 2 ("OU2") of the Site the proposed remedy for OU2 of the Site was projected to cost at least $40.3 million.

82.     In January 2017, EPA issued special notice letters to members of the Group and others under CERCLA § 122(e) (42 U.S.C. § 9622(e)), demanding that they perform the ROD and demanding reimbursement of past costs incurred by EPA and RIDEM at the Site, among other demands.

83. Plaintiff's members, without admitting any Site liability, along with other entities, entered into the Remedial Design/Remedial Action (RD/RA) Consent Decree Peterson/Puritan, Inc. Superfund Site ("Consent Decree"), under the terms of which they agreed for purposes of settlement to (i) reimburse the United States of America and the State of Rhode Island for certain past and future governmental "response" costs and "oversight" costs, and to (ii) perform all further cleanup "Work" (as defined in the Consent Decree) at the Site at extensive cost.

84. On May 3, 2017, this Court entered the Consent Decree in the case captioned *United States of America v. ACS Industries, Inc., et al.* (No. 16-665-S-LDA) and *State of Rhode Island v. ACS Industries, Inc., et al.* (No. 17-024-S-LDA (consolidated)).

85. The Group and its members (i) have resolved response cost claims with EPA and RIDEM through the Consent Decree, (ii) have reimbursed certain governmental costs in accordance with the Consent Decree, (iii) have incurred response costs in performing under the Consent Decree and (iv) have begun incurring the estimated $40.3 million in response costs in performing the ROD pursuant to the Consent Decree over the course of decades.

86. The Group and its members have individually and collectively paid and/or will ultimately pay in excess of their respective equitable share of Site response costs.

87. To the best of Plaintiff's knowledge, Defendants have incurred no response costs in relation to the Site.

88. Plaintiff extended a settlement opportunity to each Defendant prior to initiating this action; each Defendant rejected or failed to respond to the respective settlement offer.

## COUNT I – COST RECOVERY UNDER CERCLA

89. This claim is for cost recovery under Section 107(a) of CERCLA (42 U.S.C. § 9607(a)) for past response costs of at least $6 million incurred by the Group and/or its members

prior to entry of the Consent Decree as a result of, among other things, performance of investigation and analysis of remedial options at the Site and/or investigation and identification of other PRP's who contributed hazardous substances to the Site (including Keytronic costs).

90.    Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

91.    The Site is a "facility" within the meaning of Section 101(9) of CERCLA (42 U.S.C. § 9601(9)).

92.    There have been releases, within the meaning of Section 101(22) of CERCLA (42 U.S.C. § 9601(22)), and threatened releases, of hazardous substances at or from the Site.

93.    The Group and its members have incurred and will continue to incur substantial response costs, within the meaning of Section 101(25) of CERCLA (42 U.S.C. § 9601(25)), to respond to the releases or threatened releases of hazardous substances at the Site.

94.    The response actions taken and the response costs incurred by Plaintiff's members at and in connection with the Site are consistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP"), 40 C.F.R. Part 300.

95.    Each Defendant is a "person" within the meaning of Section 101(21) of CERCLA (42 U.S.C. § 9601(21)).

96.    Each Defendant is liable, pursuant to Section 107(a)(3) (42 U.S.C. § 9607(a)(3)), as a person who, by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of, hazardous substances owned or possessed by each Defendant, and/or itself transported hazardous substances, to the Site, or is a successor to a person or entity that made such arrangement or arrangements or performed such transportation.

97.     Pursuant to Section 107(a) of CERCLA (42 U.S.C. § 9607(a)), each Defendant is jointly and severally liable to Plaintiff for response costs incurred by the Group and/or its members as a result of, among other things, performance of investigation and analysis of remedial options at the Site and/or investigation and identification of other PRPs who contributed hazardous substances to the Site, and therefore Plaintiff is entitled to a judgment from each Defendant of at least $6 million in response costs incurred by Group members, plus interest.

## COUNT II – CONTRIBUTION UNDER CERCLA

98.     This claim is for contribution for amounts incurred and to be incurred by the Group and/or its members for investigation and remediation of the Site before and after entry of the Consent Decree and arises under CERCLA § 113(f)(1) (42 U.S.C. § 9613(f)(1)), CERCLA § 113(f)(3)(B) (42 U.S.C. § 9613(f)(3)(B)), and CERCLA § 107(a) (42 U.S.C. § 9607(a)).

99.     Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

100.    Pursuant to the Consent Decree, Plaintiff's members have resolved Site liability they may have to the United States and the State of Rhode Island regarding remedial work and response costs for OU2 and have established their right to seek contribution from third parties, including from Defendants.

101.    Each Defendant is a person or successor to a person who generated, contracted, agreed, or otherwise arranged for disposal or treatment, or themselves transported or arranged for the disposal or treatment of hazardous substances at or to the Site, and each has no defense against liability pursuant to § 107(b), 42 U.S.C. § 9607(b).

102.    The Group and/or its members have incurred, and will continue to incur, costs for investigation and remediation related to the Site before and after entry of the Consent Decree in

excess of each Group member's respective equitable shares and therefore are entitled to contribution from each Defendant for its equitable share of such costs.

## COUNT III – LIABILITY UNDER THE RHODE ISLAND INDUSTRIAL PROPERTY REMEDIATION AND REUSE ACT

103.    This claim is for cost recovery and contribution pursuant to the Industrial Property Remediation and Reuse Act, R.I. Gen. L. §§ 23-19.14-1 (2014) *et seq.*

104.    Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

105.    Pursuant to the Consent Decree, Plaintiff's members have resolved Site liability they may have to the United States and the State of Rhode Island regarding remedial work and response costs and have established their right to seek cost recovery and contribution from third parties, including from Defendants.

106.    There was an actual or threatened release of hazardous materials, hazardous substances, and/or hazardous wastes, within the meaning of R.I. Gen. L. §§ 23-19.14-3(c), (d), (e) at or from the Site within the meaning of R.I. Gen. L. §23-19.14-3(j)(1).

107.    Each Defendant is a responsible party because each is a person or successor to a person under R.I. Gen. L. § 23-19.14-3(h) who generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of hazardous materials owned or possessed by that person, at the Site under R.I. Gen. L. § 23-19.14-6(a)(3).

108.    Each Defendant is therefore subject to strict, joint and several liability under R.I. Gen. L. § 23-19.14-6.

109.    As a responsible party under R.I. Gen. L. 23-19.14-6(b), each Defendant is also therefore subject to liability for any and all other necessary costs of removal or remedial action

29

incurred by Plaintiff's members.

110.    No Defendant is exempt from liability under R.I. Gen. L. § 23-19.14-7.

## COUNT IV – LIABILITY UNDER THE RHODE ISLAND HAZARDOUS WASTE MANAGEMENT ACT

111.    This claim is for cost recovery and/or contribution under the Hazardous Waste Management Act, R.I. Gen. L. §§ 23-19.1-1 (2014) *et seq*.

112.    Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

113.    Pursuant to the Consent Decree, Plaintiff's members have resolved Site liability they may have to the United States and the State of Rhode Island regarding remedial work and response costs and have established their right to seek cost recovery and contribution from third parties, including from Defendants, for all past and future response costs associated with the Site.

114.    Each Defendant is a person who generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, and/or accepted for transport and selected the Site, hazardous wastes or hazards materials to the Site, thereby leading to the unpermitted disposal of hazardous waste under R.I. Gen. L. § 23-19.1-4.

115.    There were disposals of hazardous wastes at the Site within the meaning of R.I. Gen. L. § 23-19.1-4(3).

116.    No Defendant obtained a permit for such disposals under R.I. Gen. L. § 23-19.1-10(a). Nor did any Defendant obtain a variance to a permit under R.I. Gen. L. 23-19.1-11(a).

117.    Defendants are subject to absolute liability for the cost of containment, cleanup, restoration, and removal of the hazardous wastes, and for all damages, losses, or injuries, including environmental, which result directly or indirectly from the discharge under R.I. Gen. L. § 23-19.1-

22.

## COUNT V – LIABILITY FOR DAMAGES UNDER R.I. GEN. L. § 46-12

118.    This claim is for damages under R.I. Gen. L. §§ 46-12-1 *et seq.*

119.    Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

120.    Each Defendant placed or caused to be placed pollutants in a location where such pollutants were likely to enter or be discharged into waters, as defined in R.I. Gen. L. § 46-12-1.

121.    Such placement leading to pollutants entering any waters is prohibited under R.I. Gen. L. § 46-12-5.

122.    Defendants are each liable to Plaintiff for any damage Plaintiff suffered as a result of such pollution under R.I. Gen. L. § 46-12-21.

## COUNT VI – LIABILITY UNDER R.I. GEN. L. § 46-13.1

123.    This claim is for cost recovery and contribution under R.I. Gen. L. §§ 46-13.1-1 (2014) *et seq.*

124.    Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

125.    There were unpermitted discharges of contaminants and/or toxic pollutants to groundwater at, from, or around the Site leading to a degradation of ambient water quality as defined in R.I. Gen. L. § 46-13.1-3.

126.    Each Defendant is liable for such discharges from the Site under R.I. Gen. L. § 46-13.1-2.

## COUNT VII – CONTRIBUTION UNDER R.I. GEN. L. § 10-6

127.    This claim is for contribution under R.I. Gen L §§ 10-6-1 (2013) *et seq.*, providing

for a right of contribution amongst joint tortfeasors. The purpose of the act is to prevent the injustice of one tortfeasor paying more than its fair share of damages.

128.     Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

129.     Each Defendant is responsible to Plaintiffs for its proportionate share of any Site costs incurred or to be incurred as a result of the obligations established by the Consent Decree.

130.     Plaintiffs have incurred, and will continue to incur, costs for cleanup and remediation of the Site pursuant to the Consent Decree and therefore are entitled to contribution from each Defendant for its proportionate share of such costs.

**COUNT VIII – DECLARATORY RELIEF UNDER CERCLA**

131.     This claim is for declaratory relief under CERCLA§ 113(g)(2) (42 U.S.C. § 9613(g)(2)).

132.     Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

133.     There is a real and actual controversy between Plaintiff and each Defendant concerning the nature and extent of each Defendant's liability for and obligation to pay toward response costs in connection with the Site.

134.     Plaintiff is entitled to a declaration that Defendants are liable to Plaintiff for each Defendant's equitable/proportionate share of response costs and obligations incurred and to be incurred by Plaintiff in relation to the Site.

**COUNT IX – DECLARATORY RELIEF UNDER R.I. GEN. L. § 9-30-1**

135.     This claim is for declaratory relief under R.I. Gen. L. § 9-30-1 (2014).

136.    Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

137.    There is a real and actual controversy between Plaintiff and each Defendant concerning the nature and extent of each Defendant's liability for and obligation to pay toward response costs in connection with the Site.

138.    Plaintiff is entitled to a declaration that Defendants are liable to Plaintiff for each Defendant's equitable/proportionate share of response costs and obligations incurred and to be incurred by Plaintiff in relation to the Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(a)    As to Count I, enter judgment under Section 107(a) of CERCLA in favor of Plaintiff and against each Defendant, jointly and severally, for past response costs incurred by the Group and/or its members as a result of, among other things, performance of investigation and analysis of remedial options at the Site and/or investigation and identification of other PRPs who contributed hazardous substances to the Site, along with applicable interest as provided by law;

(b)    As to Count II, enter judgment under Sections 113(f)(1), 113(f)(3)(B), and 113(g)(2) of CERCLA in favor of Plaintiff and against each Defendant, severally, for contribution in an amount equal to its respective equitable share of all past and future response costs and any other costs incurred and to be incurred by the Group and/or its members in connection with investigation and remediation of the Site before and after entry of the Consent Decree (to include without limitation, response costs for performance of the remedy pursuant to the Consent Decree, performance of investigation and analysis of remedial options at the Site and/or investigation and identification of other PRPs who contributed hazardous substances to

the Site), along with any such costs attributable to any Orphan share and applicable interest as provided by law;

     (c)    As to Counts III through VII, enter judgment in favor of Plaintiff and against each Defendant in an amount equal to such Defendant's respective equitable/proportionate share of all costs and obligations incurred and to be incurred by the Group and/or its members in connection with the investigation, cleanup, and remediation of the Site;

     (d)    As to the Counts VIII and IX, declare that each Defendant is liable to Plaintiff for its respective equitable/proportionate share of all past and future costs and other costs or obligations incurred and to be incurred by the Group and/or its members in connection with the investigation, cleanup, and remediation of the Site;

     (e)    Award Plaintiff its attorneys' fees and costs in prosecuting this action; and

     (f)    Grant such other and further relief as the Court determines is just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

**PLAINTIFF**

PETERSON-PURITAN SITE OU 2 REMEDIAL ACTION GROUP

By its Attorneys:

By: */s/  Ralph R. Liguori*
    Patrick T. Jones
    Rhode Island Bar No. 6636
    Ralph R. Liguori
    Rhode Island Bar No. 5039
    JONES KELLEHER LLP
    One Center Place
    Providence, RI 02903
    Tel: (401) 273-0800

Fax: (401) 273-0801
rliguori@joneskell.com
pjones@joneskell.com

By: /s/    Curtis A. Connors
Roy P. Giarrusso, admitted *pro hac vice*
Massachusetts Bar No. 549470
Curtis A. Connors, admitted *pro hac vice*
Massachusetts Bar No. 630288
GIARRUSSO, NORTON, COOLEY
& McGLONE, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171
Tel: (617) 770-2900
Fax: (617) 773-6934
rgiarrusso@gncm.net
cconnors@gncm.net

By: /s/
Winthrop A. Short Jr., admitted *pro hac vice*
Virginia Bar No. 20022
KAUFMAN & CANOLES, P.C.
One City Center
11815 Fountain Way, Suite 400
Newport News, VA 23606
Tel: (757) 873-6300
Fax: (888) 360-9092
washort@kaufcan.com

DATED: April 11, 2019

## CERTIFICATE OF SERVICE

In accordance with the provisions of LR Gen 309 of the Local Rules of this Court, I hereby certify that on March 8, 2019, this document was filed electronically, and it is available for viewing and downloading from the Court's ECF system. Service on each counsel of record was accomplished by the ECF system's transmission of the NEF to counsel of record for each of the parties, and paper copies will be sent to those indicated as non-registered participants.

By: /s/ *Curtis A. Connors*