UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____

PETERSON-PURITAN SITE OU 2
REMEDIAL ACTION GROUP,

          Plaintiff,                       Civil Action No. 18-497-WES-PAS

v.                                      JURY TRIAL REQUESTED

ABERTHAW CONSTRUCTION CO.;
ABERTHAW CONSTRUCTION COMPANY,
INC.; ACADIA REALTY TRUST d/b/a LINCOLN
COMMONS OWNER LLC; ADVANCE AUTO
PARTS, INC.; ALLSTATE RESTAURANT
EQUIPMENT, INC.; AMERICAN DAIRY
QUEEN CORPORATION; AMERICAN FINISH
& CHEMICAL, INC.; ANNEX AUTO, INC.;
ARMELL REALTY TRUST; AVON PRODUCTS,
INC.; ANTHONY J. BERNARDO; BLACKSTONE
SUBARU, INC.; BUCKLEY & MANN, INC.;
BUTLER TIRE SALES, INC.; CARMINHO
BAKERY, LLC; CARVALHO PROPERTIES,
LLC; CEDAR CREST NURSING CENTRE,
INC.; CENTER AUTO BODY, INC.;
CENTRAL FALLS PLATE GLASS COMPANY;
CENTRAL MOTORS, INC. OF NORWOOD;
CENTRAL PAPER CO., INC.; CHERVON
NORTH AMERICA, INC.; CHOPS, LLC d/b/a
CUMBERLAND HOUSE OF PIZZA; CIRCLE K
STORES INC.; COLONY HARDWARE
CORPORATION; CONSOLIDATED CONCRETE
CORP.; COUNTY SQUARE PHARMACY, INC.;
CREST MANUFACTURING COMPANY;
CUMBERLAND A. C.; D AND D AUTO BODY,
INC.; DENNISON MANUFACTURING
COMPANY; DIAL BATTERY PAINT & AUTO
SUPPLY, INC.; DOME CONSTRUCTION
COMPANY, INC.; DON'S DINER, INC.;
GLENN L. DOUCETTE d/b/a DOUCETTE'S
2-WAY RADIO; DOUGLAS CONSTRUCTION
AND SUPPLY CORP.; DURASTONE
CORPORATION; EEM, INC.; ELECTROCRAFT
NEW HAMPSHIRE, INC.; RUSSELL M.
KANDALAFT, TRUSTEE, ELIAS KANDALAFT

IRREVOCABLE TRUST; EMERY DINING INC.;
ENCLOS CORP. d/b/a HARMON CONTRACT;
ENERGY TRANSFER LP; EXCELLENT COFFEE
CO., INC.; ROBERT FORCIER;  FORE COURT
RACQUET & FITNESS CLUB, INC.; G & M
DONUT CO., INC.; G.B. LIQUIDATING CO.;
GOYETTE MACHINE ASSOCIATES, INC.;
GRACE HOLMES, INC.; GREYLAWN FOODS,
INC.; GREYSTONE AUTO CENTER, INC.;
GREYSTONE INCORPORATED; GRIMES BOX
CO., INC.; HART ENGINEERING
CORPORATION; HOMESTEAD BAKING CO.;
HONEY DEW ASSOCIATES, INC.; HOPE
CLEANERS, INC.; IES ENTERPRISES, INC.;
IPSCO, INC.; J A R BAKERS SUPPLY, INC.;
JACKSON COMPANY, INC.; KFC
CORPORATION; OSCAR KITSIS;  L. F. PEASE
CO.; LAST CHANCE DONEGAL INC.;
LIFTBAG USA, INC.; MAGUIRE KENNEL, INC.;
MARITIME INTERNATIONAL, INC.; MCKEE
BROS. OIL CORP.; METACOMET COUNTRY
CLUB; METLIFE, INC;. BAILEY LONG,
TRUSTEE, THE KAM LONG TRUST; NDH
STORES, INC.; NATIONAL AUTO PARTS
WAREHOUSE - CA, LLC; NATIONAL AUTO
PARTS WAREHOUSES, INC.;  NATIONAL
LUMBER & BUILDING MATERIALS CO.;
NATIONWIDE TRACTOR TRAILER DRIVING
SCHOOL INC.; NEW ENGLAND BOOK
COMPONENTS, INC.; NEWPOST, INC.;
NORWOOD COUNTRY CLUB, INC.; OCEAN
SPRAY CRANBERRIES, INC.; DONALD E.
PALAGI; PAMPCO, INCORPORATED;
PASCAL INDUSTRIES, INC.; ELIZABETH
PETTERUTI; PETER PETTERUTI; PILGRIM
INSTRUMENT & CONTROLS, INC.;
PLAINVILLE MACHINE WORKS, INC.;
REMINGTON BLUE d/b/a POND BROOK FARM;
POOL & CHRISTMAS VILLAGE, INC.; R.P.
IANNUCCILLO AND SONS CONSTRUCTION
COMPANY; REHOBOTH GOLF COURSE, INC.
d/b/a REHOBOTH COUNTRY CLUB; RIDCO,
INC.; ROCKWELL ROOFING, INC.; RODMAN
FORD SALES, INC.; ROLL-LAND INC.; ROSA
MIA RISTORANTE, INC.; SERVICE
CONTRACTING INC.; SHELL OIL COMPANY;

SHORE'S MARKET; SIGNATURE PRINTING,
INC.; STANDISH-JOHNSON CO.; GREATREX
CORPORATION; SUNOCO, LLC; TCS
HOLDINGS, INC.; TAGGART SAND
PRODUCTS CORP.; TERCAT TOOL AND DYE
CO. II, INC.; THE DISCOVERY MINT, INC.; THE
MASSACHUSETTS GENERAL HOSPITAL; THE
ROBBINS COMPANY; THERIENS, LLC;  TOMY
INTERNATIONAL, INC.; EMERY E.
TONDREAU; TONY'S COLONIAL FOOD, INC.;
TUBODYNE COMPANY; UNITED STATES
LUGGAGE COMPANY, LLC; V.J. BERARDUCCI
& SONS INC.; THE WALKER'S PUB, LTD.; WM
PERRY TRUCKING, INC. f/k/a PERRY
TRUCKING COMPANY, INC.; BRUCE WALZ;
WHITMAN PRODUCTS COMPANY, INC.; and
WOLOOHOJIAN REALTY CORP.,

        Defendants.

---

## **THIRD AMENDED COMPLAINT**

The Peterson-Puritan Site OU 2 Remedial Action Group ("Group") for its Third Amended Complaint against Defendants asserts the following:

### **STATEMENT OF THE CASE**

1.    This is a civil action pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA") and Rhode Island state law, for the recovery of past and future response costs incurred and to be incurred by the Group for response actions undertaken and to be undertaken by its members at Operable Unit 2 of the Peterson/Puritan, Inc. Superfund Site ("Site") located in Cumberland and Lincoln, Rhode Island. The Group alleges that there has been a release and/or threat of release of hazardous substances, hazardous wastes, and/or hazardous materials at and/or from the Site, which hazardous substances, hazardous wastes, and/or hazardous materials have contaminated the soil, sediments and water at and in the vicinity of the

Site and have threatened the public health and the environment. Each of the Defendants owned, generated, possessed, arranged for disposal of and/or transported hazardous substances, hazardous wastes and/or hazardous materials that were disposed of at the Site

2.     The Group seeks recovery of response costs and/or contribution from each Defendant pursuant to Section 107(a) of CERCLA (42 U.S.C. § 9607(a)); Section 113(f)(1) of CERCLA (42 U.S.C. § 9613(f)(1)); the Rhode Island Industrial Property Remediation and Reuse Act, R.I. Gen. L. §§ 23-19.14 *et seq.*; the Rhode Island Hazardous Waste Management Act, R.I. Gen. L. §§ 23-19.1 *et seq.*; R.I. Gen. L. §§ 46-12, *et seq.*; R.I. Gen. L. §§ 46-13.1 *et seq.*; and R.I. Gen L §§ 10-6 *et seq.* for past and future response costs which the Group and/or certain of its members have incurred and will incur in the future at the Site, along with a declaration as to each Defendant's liability for future response costs to be incurred by the Group at the Site.

## JURISDICTION AND VENUE

3.     This action arises under the Comprehensive Environmental Response, Compensation, and Liability Act of the United States (42 U.S.C. §§ 9601 *et seq.*) and Rhode Island statutory law.

4.     Jurisdiction of this Court is founded upon 28 U.S.C. § 1331 with supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 and pendent jurisdiction over related State law claims.

5.     This Court also has subject matter jurisdiction over the claim for declaratory relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 9613(g)(2).

6.     Venue is laid in this Judicial District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b).

## **PARTIES**

7.      Plaintiff, Peterson-Puritan Site OU 2 Remedial Action Group is an organization duly formed by agreement among its members regarding response actions undertaken and to be undertaken at the Site. The members of the Group are listed in **Exhibit A** hereto.

8.      Defendants are parties who, and/or whose predecessors-in-interest, owned, generated, possessed, arranged for disposal and/or transported hazardous substances, hazardous wastes and/or hazardous materials disposed of at the Site.

9.      Defendant Aberthaw Construction Co. ("Aberthaw 1") is a Massachusetts corporation with a principal place of business in Boston, Massachusetts, which was incorporated on or about December 29, 1916, involuntarily dissolved on or about October 19, 1983, and then revived on or about March 12, 1984. Aberthaw Construction Company, Inc. ("Aberthaw 2") is a Massachusetts corporation with a principal place of business in Lowell, Massachusetts, which was incorporated on or about March 29, 1991. Aberthaw 1 generated, owned, possessed, or by contract, agreement, or otherwise arranged for the disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 642 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Aberthaw 1 at the Site. Even though Aberthaw 2 was not incorporated until 1991, on its website, it claims:

> "There are few, very few, companies that can lay claim to continuous operation of more than 100 years . . . . And there are even fewer companies that can say they have operated under the same name for over a century, survived the ups and downs of the economic and cultural shifts, and continue to flourish in an increasingly competitive market place where newcomers and old-timers alike vie for a piece of a progressively shrinking pool of new business opportunities. . . . . And our customers take comfort in knowing that the current ownership has been with the company for over forty years."

5

Based on information and belief, Aberthaw 1 and Aberthaw 2 engaged in a transaction in 1991, pursuant to which Aberthaw 2 assumed certain liabilities, including the liability of Aberthaw 1 for the disposal of hazardous waste at the Site. Alternatively, as a matter of law, Aberthaw 2 is Aberthaw 1's successor in interest with regard to its liability for the disposal of hazardous waste at the Site. Alternatively, based upon information and belief, Aberthaw 1 and Aberthaw 2 engaged in a transaction in 1991, pursuant to which Aberthaw 1 retained certain liabilities, including its liability for disposal of hazardous waste at the Site.

10. Defendant Acadia Realty Trust d/b/a Lincoln Commons Owner LLC is a Rhode Island limited liability company with a principal place of business at 160 Greentree Drive, Suite 101, c/o National Registered Agents, Inc., Dover, Delaware. Acadia Realty Trust dba Lincoln Commons Owner LLC is a successor-in-interest to Lincoln Mall, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 38 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Lincoln Mall at the Site.

11. Defendant Advance Auto Parts, Inc. is a North Carolina corporation with a principal place of business at 2635 E. Millbrook Road, Raleigh, North Carolina. Advance Auto Parts, Inc. is a successor-in-interest to Western Auto, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1114 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Western Auto at the Site.

12.     Defendant Allstate Restaurant Equipment, Inc. is a Rhode Island corporation with a principal place of business at 125 Esten Avenue, Pawtucket, Rhode Island.  Allstate Restaurant Equipment, Inc. is a successor-in-interest to Allstate Restaurant Equipment, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 48 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Allstate Restaurant Equipment at the Site.

13.     Defendant American Dairy Queen Corporation is a Minnesota corporation with a principal place of business at 8000 Tower, Suite 700, 8331 Norman Center Drive, Bloomington, Minnesota.  American Dairy Queen Corporation is a successor-in-interest to Dairy Queen, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 473 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Dairy Queen at the Site.

14.     Defendant American Finish & Chemical Co. is a Massachusetts corporation with a principal place of business at 1012 Broadway, Chelsea, Massachusetts.  American Finish & Chemical Co. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 30 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by American Finish & Chemical Co. at the Site.

15.     Defendant Annex Auto, Inc. is a Massachusetts corporation with a principal place of business at 303 N. Main Street, Sharon, Massachusetts.  Annex Auto, Inc. is a successor-in-interest to South Main Shell, which generated, owned, possessed, or by contract, agreement, or

otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 56 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by South Main Shell to at the Site.

16.     Defendant Arnell Realty Trust is a Massachusetts realty trust with a principal place of business at 9 Roy Avenue, South Attleboro, Massachusetts.  Arnell Realty Trust is a successor-in-interest to Arnell Realty, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 24 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Arnell Realty at the Site.

17.     Defendant Avon Products, Inc. is a New York corporation with a principal place of business at 601 Midland Avenue, Rye, New York. Based upon information and belief, Avon Products, Inc. is a successor-in-interest of Avon Products. Avon Products generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 246 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Avon Products at the Site.

18.     Defendant Anthony J. Bernardo is a citizen and resident of the State of Rhode Island and a former officer, director, and shareholder of Magic Carpet Co., a company that was incorporated in Rhode Island on or about December 12, 1944. Magic Carpet Co. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 112 cubic

yards of waste containing hazardous substances, hazardous waste, and/or hazardous materials owned or possessed by Magic Carpet Co. at the Site. On or about August 5, 2003, Magic Carpet, Co. changed its name to RCLJDL, Inc. On or about November 3, 2004, the Rhode Island Secretary of State revoked the Certificate of Incorporation/Authority of RCLJDL, Inc., f/k/a Magic Carpet Co., and, as of that date, under Rhode Island law, its property passed to Anthony J. Bernardo, as its shareholder, and he is the current owner of such property, subject to the payment of the debts of RCLJDL, Inc., f/k/a Magic Carpet Co.

19.     Defendant Blackstone Subaru, Inc. is a Rhode Island corporation with a principal place of business at 11 Taunton Avenue, Seekonk, Massachusetts. Blackstone Subaru, Inc. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 442 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Blackstone Subaru, Inc. at the Site.

20.     Defendant Buckley & Mann, Inc. is a Massachusetts corporation with a principal place of business at 205 Linden Ponds Way, Apt. HG314, Hingham, Massachusetts. Buckley & Mann, Inc. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 504 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Buckley & Mann, Inc. at the Site.

21.     Defendant Butler Tire Sales, Inc. is a Massachusetts corporation with a principal place of business at 404 E. Washington Street, North Attleboro, Massachusetts. Butler Tire Sales, Inc. is a successor-in-interest to AAMCO, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a

transporter for transport for disposal or treatment of at least 48 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by AAMCO at the Site.

22.     Defendant Carminho Bakery, LLC is a Rhode Island limited liability company with a principal place of business at 1106 S. Broadway, East Providence, Rhode Island. Carminho Bakery, LLC is a successor-in-interest to Morning Star Bakery, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 764 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Morning Star Bakery at the Site.

23.     Defendant Carvalho Properties, LLC is a Rhode Island limited liability company with a principal place of business at 20 Scott Street, Pawtucket, Rhode Island.  Carvalho Properties, LLC is a successor-in-interest to Carvalho House, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1470 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Carvalho House at the Site.

24.     Defendant Cedar Crest Nursing Centre, Inc. is a Rhode Island corporation with a principal place of business at 125 Scituate Avenue, Cranston, Rhode Island.  Cedar Crest Nursing Centre, Inc. is a successor-in-interest to Cedar Crest Nursing Center, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 24 cubic

yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Cedar Crest Nursing Center at the Site.

25.     Defendant Center Auto Body, Inc. is a Massachusetts corporation with a principal place of business at 378 Pommogussett Road, Rutland, Massachusetts.  Center Auto Body, Inc. is a successor-in-interest to Center Auto Body, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 60 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Center Auto Body at the Site.

26.     Defendant Central Falls Plate Glass Company is a Rhode Island corporation with a principal place of business at 481 Broad Street, Central Falls, Rhode Island. Based upon information and belief, Central Falls Plate Glass Company is a successor-in-interest of Central Falls Glass. Central Falls Glass generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,734 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Central Falls Glass at the Site.

27.     Defendant Central Motors, Inc. of Norwood is a Massachusetts corporation with a principal place of business at 56 Boston Providence Turnpike, Norwood, Massachusetts.  Central Motors, Inc. of Norwood is a successor-in-interest to Central Motors, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 96 cubic yards of

11

waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Central Motors at the Site.

28.     Defendant Central Paper Co., Inc. is a Rhode Island corporation with a principal place of business at 1495 Newport Avenue, Pawtucket, Rhode Island. Central Paper Co., Inc., and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,238 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Central Paper Co., Inc. at the Site.

29.     Defendant Chervon North America, Inc. is a Delaware corporation with a principal place of business at 1203 E. Warrenville Road, Naperville, Illinois.  Chervon North America, Inc. is a successor-in-interest to Skil Corp., which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 48 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Skil Corp. at the Site.

30.     Defendant CHOPS, LLC d/b/a Cumberland House of Pizza is a Rhode Island limited liability company with a principal place of business at 2360 Mendon Road, Cumberland, Rhode Island.  CHOPS, LLC d/b/a Cumberland House of Pizza is a successor-in-interest to Cumberland House of Pizza, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 12 cubic yards of waste containing hazardous substances,

12

hazardous wastes, and/or hazardous materials owned or possessed by Cumberland House of Pizza at the Site.

31.     Defendant Circle K Stores Inc. is a Texas corporation with a principal place of business at 1130 W. Warner Road, Tempe, Arizona.  Circle K Stores Inc. is a successor-in-interest to Old Colony Petro, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 630 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Old Colony Petro at the Site.

32.     Defendant Colony Hardware Corporation is a Delaware corporation with a principal place of business at 269 S. Lambert Road, Orange, Connecticut.  Colony Hardware Corporation is a successor-in-interest to Universal Fasteners, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 16 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Universal Fasteners at the Site.

33.     Defendant Consolidated Concrete Corp. is a Rhode Island corporation with a principal place of business at 835 Taunton Avenue, East Providence, Rhode Island. Consolidated Concrete Corp. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 958 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Consolidated Concrete Corp. at the Site.

34.     Defendant County Square Pharmacy, Inc. is a Massachusetts corporation with a principal place of business 289 County Street, Attleboro, Massachusetts.   County Square Pharmacy, Inc. is a successor-in-interest to County Sq Pharmacy, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 30 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by County Sq Pharmacy Fasteners at the Site.

35.     Defendant Crest Manufacturing Company is a Rhode Island corporation with a principal place of business at 5 Hood Drive, Lincoln, Rhode Island. Based on information and believe, Crest Manufacturing Company is the successor-in-interest to Crest Mfg. Crest Mfg generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 2,088 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Crest Mfg at the Site.

36.     Defendant Cumberland A. C. is a Rhode Island corporation with a principal place of business at 30 Hamilton Street, Cumberland, Rhode Island.  Cumberland A. C.is a successor-in-interest to Cumberland AC, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 371 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Cumberland AC at the Site.

37.     Defendant D and D Auto Body, Inc.is a Massachusetts corporation with a principal place of business at 445 Walpole Street, Norwood, Massachusetts.  D and D Auto

Body, Inc.is a successor-in-interest to D&D Auto Body, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 78 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by D&D Auto Body at the Site.

38.    Defendant Dennison Manufacturing Company is a Nevada corporation with a principal place of business at 207 Goode Avenue, 5th Floor, Glendale, California.  Dennison Manufacturing Company is a successor-in-interest to Dennison Manufacturing, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 224 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Dennison Manufacturing Company at the Site.

39.    Defendant Dial Battery Paint & Auto Supply, Inc. is a Rhode Island corporation with a principal place of business at 414 Taunton Avenue, East Providence, Rhode Island. Dial Battery Paint & Auto Supply, Inc., and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 320 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Dial Battery Paint & Auto Supply, Inc. at the Site.

40.    Defendant Dome Construction Company, Inc. is a Massachusetts corporation with a principal place of business at 174 Foundry Street, Central Falls, Rhode Island.  Dome Construction Company, Inc. is a successor-in-interest to Dome Construction, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment,

and/or arranged with a transporter for transport for disposal or treatment of at least 30 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Dome Construction at the Site.

41.     Defendant Don's Diner, Inc. is a Massachusetts corporation with a principal place of business at 121 South Street, Plainville, Massachusetts. Don's Diner, Inc., generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 7,444 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Don's Diner, Inc. at the Site.

42.     Defendant Glenn L. Doucette is a citizen and resident of the Commonwealth of Massachusetts and the sole proprietor of a business named Doucette's 2-Way Radio. Glenn L. Doucette, d/b/a Doucette's 2-Way Radio, generated, owned, possessed, or by contract, agreement, or otherwise, arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 16 cubic yards of waste containing hazardous substances, hazardous waste, and/or hazardous materials owned or possessed by Glenn L. Doucette, d/b/a Doucette's 2-Way Radio, at the Site.

43.     Defendant Douglas Construction and Supply Corp. is a Rhode Island corporation with a principal place of business at 90 Douglas Pike, Smithfield, Rhode Island.  Douglas Construction and Supply Corp. is a successor-in-interest to Rapco, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 60 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Rapco at the Site.

44.     Defendant Durastone Corporation is a Rhode Island corporation with a principal place of business at 150 Higginson Avenue, Lincoln, Rhode Island.  Durastone Corporation is a successor-in-interest to Durastone, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 120 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Durastone at the Site.

45.     Defendant EEM, Inc. is a Rhode Island corporation with a principal place of business at 3313 Millwood Way, Saint Augustine, Florida. Based upon information and belief, EEM, Inc. is a successor-in-interest of Bradley Press. Bradley Press generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 514 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Bradley Press at the Site.

46.     Defendant Electrocraft New Hampshire, Inc.is a Delaware corporation with a principal place of business at 2 Marin Way, Suite 3, Stratham, New Hampshire.  Electrocraft New Hampshire, Inc. is a successor-in-interest to Holtzer-Cabot, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 432 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Holtzer-Cabot at the Site.

47.     Defendant Russell M. Kandalaft, Trustee for the Elias Kandalaft Irrevocable Trust owns the real property at 99 County Street, Attleboro, Massachusetts on which Eli's Pizza, a

restaurant, is operated, based on information and belief, by the Elias Kandalaft Irrevocable Trust. Eli's Pizza generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 642 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Eli's Pizza at the Site.

48.     Defendant Emery Dining Inc. is a Rhode Island corporation with a principal place of business at 151 Fountain Street, Pawtucket, Rhode Island.  Emery Dining Inc. is a successor-in-interest to LeFoyer, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 2204 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by LeFoyer at the Site.

49.     Defendant Enclos Corp. d/b/a Harmon Contract is a Minnesota corporation with a principal place of business at 2770 Blue Water Road, Eagan, Minnesota.  Enclos Corp. d/b/a Harmon Contract is a successor-in-interest to Superior Glass, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 198 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Superior Glass at the Site.

50.     Defendant Energy Transfer LP is a Delaware limited partnership with a principal place of business at 8111 Westchester Drive, Dallas, Texas.  Energy Transfer LP is a successor-in-interest to Providence Gas, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for

18

disposal or treatment of at least 258 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Providence Gas at the Site.

51.     Defendant Excellent Coffee Co., Inc. is a Rhode Island corporation with a principal place of business at 259 East Avenue, Pawtucket, Rhode Island.  Excellent Coffee Co., Inc. is a successor-in-interest to Excellent Coffee, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1086 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Excellent Coffee at the Site.

52.     Defendant Robert R. Forcier is a citizen and resident of the State of Rhode Island and a former officer, director, and shareholder of Forcier, Inc., f/k/a Forcier Industries, Inc., a company  that was incorporated in Rhode Island on or about March 26, 1962. Forcier Industries, Inc., generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 990 cubic yards of waste containing hazardous substances, hazardous waste, and/or hazardous materials owned or possessed by Forcier Industries, Inc. at the Site. On or about January 2, 1979, Forcier Industries, Inc., changed its name to Forcier, Inc. On or about November 6, 2014, the Rhode Island Secretary of State revoked the Certificate of Incorporation/Authority of Forcier, Inc., and, as of that date, under Rhode Island law, its property passed to Robert R. Forcier, as its shareholder, and he is the current owner of such property, subject to the payment of the debts of Forcier, Inc., f/k/a Forcier Industries, Inc.

53.     Defendant Fore Court Racquet & Fitness Club, Inc. is a Rhode Island corporation with a principal place of business at 44 Cray Street, Cumberland, Rhode Island.  Fore Court

Racquet & Fitness Club, Inc. is a successor-in-interest to Forecourt Tennis Club, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 34 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Forecourt Tennis Club at the Site.

54.      Defendant G & M Donut Co., Inc. is a Massachusetts corporation with a principal place of business at 21 Providence Highway, E. Walpole, Massachusetts.  G & M Donut Co., Inc. is a successor-in-interest to G&M Donut, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 100 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by G&M Donut at the Site.

55.      Defendant G.B. Liquidating Co. is a Rhode Island corporation with a principal place of business at 27 La Salle Drive, Providence, Rhode Island.  G.B. Liquidating Co. is a successor-in-interest to Gasbarro Brothers Liquor Store, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 792 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Gasbarro Brothers Liquor Store at the Site.

56.      Defendant Goyette Machine Associates, Inc. is a Rhode Island corporation with a principal place of business at 23 Carrington Street, Lincoln, Rhode Island.  Goyette Machine Associates, Inc. is a successor-in-interest to Goyette Machine, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or

20

arranged with a transporter for transport for disposal or treatment of at least 26 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Goyette Machine at the Site.

57.     Defendant Grace Holmes, Inc. is a Delaware corporation with a principal place of business 770 Broadway, New York, New York.  Grace Holmes, Inc. is a successor-in-interest to Grace Holmes, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 170 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Grace Holmes at the Site.

58.     Defendant Greylawn Foods, Inc. is a Rhode Island corporation with a principal place of business at 2032 Plainfield Pike, Cranston, Rhode Island.  Greylawn Foods, Inc. is a successor-in-interest to Greylawn Poultry Farm, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 252 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Greylawn Poultry Farm at the Site.

59.     Defendant Greystone Auto Center, Inc. is a Rhode Island corporation with a principal place of business at 129 Waterman Avenue, North Providence, Rhode Island. Greystone Auto Center, Inc. is a successor-in-interest to No. Providence Auto Body Works, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 304 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by No. Providence Auto Body Works at the Site.

21

60.     Defendant Greystone Incorporated is a Rhode Island corporation with a principal place of business at 1 Greystone Drive, North Providence, Rhode Island.   Greystone Incorporated is a successor-in-interest to H&H Screw, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 3843 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by H&H Screw at the Site.

61.     Defendant Grimes Box Co., Inc. is a Rhode Island corporation with a principal place of business at 112 Telmore Road, Warwick, Rhode Island. Based upon information and belief, Grimes Box Co., Inc. is a successor-in-interest of Grimes Box Co. Grimes Box Co. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 164 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Grimes Box Co. at the Site.

62.     Defendant Hart Engineering Corporation is a Rhode Island corporation with a principal place of business at 800 Scenic View Drive, Cumberland, Rhode Island.   Hart Engineering Corporation is a successor-in-interest to Hart Engineering, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1952 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Hart Engineering at the Site.

63.     Defendant Homestead Baking Co. is a Rhode Island corporation with a principal place of business at 145 N. Broadway, Rumford, Rhode Island.   Homestead Baking Co. a

successor-in-interest to Homestead Baking, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 80 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Homestead Baking at the Site.

64.    Defendant Honey Dew Associates, Inc. is a Massachusetts corporation with a principal place of business at 2 Taunton Street, Plainville, Massachusetts.   Honey Dew Associates, Inc. is a successor-in-interest to Honey Dew Donuts, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 12 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Honey Dew Donuts at the Site.

65.    Defendant Hope Cleaners, Inc. is a Rhode Island corporation with a principal place of business at 409 Warren Avenue, East Providence, Rhode Island.  Hope Cleaners, Inc. is a successor-in-interest to Hope Cleaners, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 34 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Hope Cleaners, Inc. at the Site.

66.    Defendant IES Enterprises, Inc. is a Massachusetts corporation with a principal place of business at 300 Park Avenue, New York, New York.  IES Enterprises, Inc. is a successor-in-interest to Princess House, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for

transport for disposal or treatment of at least 124 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Princess House at the Site.

67.     Defendant IPSCO, Inc. is a Massachusetts corporation with a principal place of business at 19 Franklin R. McKay Road, Attleboro, Massachusetts.  IPSCO, Inc. is a successor-in-interest to IPS Co, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 76 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by IPS Co at the Site.

68.     Defendant J A R Bakers Supply, Inc. is a Rhode Island corporation with a principal place of business at 12 Crow Point Road, Lincoln, Rhode Island. Based on information and belief, J A R Bakers Supply, Inc. is the successor-in-interest to JAR Bakers Supply. JAR Bakers Supply generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 798 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by JAR Bakers Supply at the Site.

69.     Defendant Jackson Company, Inc. is a Massachusetts corporation with a principal place of business at 767 Airport Road, Fall River, Massachusetts.  Jackson Company, Inc. is a successor-in-interest to Jackson Co., which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 40 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Jackson Co. at the Site.

70.     Defendant KFC Corporation is a Delaware corporation with a principal place of business at 1441 Gardiner Lane, Louisville, Kentucky. Based upon information and belief, KFC Corporation is a successor-in-interest of Kentucky Fried Chicken. Kentucky Fried Chicken generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,276 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Kentucky Fried Chicken at the Site.

71.     Oscar Kitsis is a citizen and resident of the State of New York, who, among other things, was a franchise operator for International House of Pancakes (IHOP) and a former officer, director, and shareholder of Kitsis Corporation. Oscar Kitsis incorporated Kitsis Corporation in Rhode Island on or about December 12, 1979. Thereafter on or about December 18, 1979, Oscar Kitsis and Kitsis Corporation began operating IHOP No. 47-11 in Providence, Rhode Island, under a franchise agreement. During the course of operating IHOP No. 47-11, Oscar Kitsis and Kitsis Corporation generated, owned, possessed, or by contract, agreement, or otherwise, arranged for the disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 856 cubic yards of waste containing hazardous substances, hazardous waste, and/or hazardous materials owned or possessed by Oscar Kitsis and Kitsis Corporation, at the Site. On or about December 27, 1981, IHOP repurchased the franchise operation from Oscar Kitsis and Kitsis Corporation. Oscar Kitsis is liable individually for hazardous waste disposed of at the Site. In addition, on or about November 29, 1982, the Rhode Island Secretary of State revoked the Certificate of Incorporation/Authority of Kitsis Corporation and, as of that date, under Rhode Island law, its property passed to Oscar Kitsis, as its

shareholder, and he is the current owner of such property, subject to the payment of the debts of Kitsis Corporation.

72.      Defendant L. F. Pease Co. is a Rhode Island corporation with a principal place of business at 25 James P. Murphy Highway, West Warwick, Rhode Island.  L. F. Pease Co. is a successor-in-interest to Pease Awnings, Inc., which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 40 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Pease Awnings, Inc. at the Site.

73.      Defendant Last Chance Donegal Inc. is a Massachusetts corporation with a principal place of business at 1 Gay Farm Way, Westwood, Massachusetts.  Last Chance Donegal Inc. is a successor-in-interest to Multi Fasteners, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 48 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Multi Fasteners at the Site.

74.      Defendant Liftbag USA, Inc. is a Rhode Island corporation with a principal place of business in North Kingstown, Rhode Island. Based upon information and belief, Liftbag USA, Inc. is a successor-in-interest of Sub Salve. Sub Salve generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 232 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Sub Salve at the Site.

75.     Defendant Maguire Kennel, Inc. is a Massachusetts corporation with a principal place of business at 168 Union Street, East Walpole, Massachusetts.  Maguire Kennel, Inc. is a successor-in-interest to Maguire Kennels, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 52 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Maguire Kennels at the Site.

76.     Defendant Maritime International, Inc. is a Rhode Island corporation with a principal place of business at 276 MacArthur Drive, New Bedford, Massachusetts. Based upon information and belief, Maritime International, Inc. is a successor-in-interest of Merchants Cold Storage. Merchants Cold Storage generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,996 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Merchants Cold Storage at the Site.

77.     Defendant McKee Bros. Oil Corp. is a Rhode Island corporation with a principal place of business at 8 Davis Street, Cumberland, Rhode Island. McKee Bros. Oil Corp., and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 288 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by McKee Bros. Oil Corp. at the Site.

78.     Defendant Metacomet Country Club is a Rhode Island corporation with a principal place of business at 500 Veterans Memorial Parkway, E. Providence, Rhode Island. Metacomet Country Club, and/or its affiliates or predecessors-in-interest, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 3,622 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Metacomet Country Club at the Site.

79.     Defendant Metlife, Inc. is a Delaware corporation with a principal place of business at 200 Park Avenue, New York, New York.  Metlife, Inc. is a successor-in-interest to Metropolitan Life, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 98 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Metropolitan Life at the Site.

80.     Defendant Bailey Long, Trustee for The Kam Long Trust owns real property at 676 Washington Street, South Attleboro, Massachusetts on which Mon Kou Restaurant, a restaurant, is operated, based on information and belief, by The Kam Long Trust. Mon Kou Restaurant generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1936 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Mon Kou Restaurant at the Site.

81.     Defendant NDH Stores, Inc. is a Massachusetts corporation with a principal place of business at 365 Washington Street, Stoughton, Massachusetts.  NDH Stores, Inc. is a successor-in-interest to National Hard Goods, which generated, owned, possessed, or by

contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 12 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by National Hard Goods at the Site.

82. Defendant National Auto Parts Warehouse - CA, LLC ("National Auto 1") is a Florida limited liability company and Defendant National Auto Parts Warehouses, Inc. ("National Auto 2") is a Florida corporation. National Auto 1 and National Auto 2 are affiliated entities with the same principal place of business, 11150 NW 32 Avenue, Miami, Florida, and having company leadership and other key personnel in common. National Auto 1, or alternatively National Auto 2, is the successor-in-interest to Racer's Equipment, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 108 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Racer's Equipment at the Site.

83. Defendant National Lumber & Building Materials Co. is a Rhode Island corporation with a principal place of business at 81 Troy Street, Providence, Rhode Island. National Lumber & Building Materials Co. is a successor-in-interest to National Lumber, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 114 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by National Lumber at the Site.

84. Defendant Nationwide Tractor Trailer Driving School Inc. is a dissolved Rhode Island corporation with a principal place of business at 230 Ronald Avenue, Cumberland, Rhode

Island. Based upon information and belief, Nationwide Tractor Trailer Driving School Inc. is a successor-in-interest of New England Tractor. New England Tractor generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 136 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by New England Tractor at the Site.

85.     Defendant New England Book Components, Inc. is a Massachusetts corporation with a principal place of business at 125 Industrial Park Road, Hingham, Massachusetts.  New England Book Components, Inc. is a successor-in-interest to New England Book, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 294 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by New England Book at the Site.

86.     Defendant Newpost, Inc. is a Massachusetts corporation with a principal place of business at 80 Hudson Road, Suite 200, Canton, Massachusetts.  Newpost, Inc. is a successor-in-interest to Newman Assoc., which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 72 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Newman Assoc. at the Site.

87.     Defendant Norwood Country Club, Inc. is a Massachusetts corporation with a principal place of business at 400 Providence Way, Norwood, Massachusetts.  Norwood Country Club, Inc. is a successor-in-interest to Norwood Golf Course, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or

arranged with a transporter for transport for disposal or treatment of at least 72 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Norwood Golf Course at the Site.

88.     Defendant Ocean Spray Cranberries, Inc. is a Delaware corporation with a principal place of business at 1 Ocean Spray Drive, Lakeville, Massachusetts. Based upon information and belief, Ocean Spray Cranberries, Inc. is a successor-in-interest of Ocean Spray. Ocean Spray generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 510 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Ocean Spray at the Site.

89.     Defendant Donald E. Palagi is a citizen and resident of the State of Rhode Island, who initially operated a business named Palagi's Ice Cream as a sole proprietorship until April 20, 1976, when he formed a company named Palagi's Ice Cream, Inc. Donald E. Palagi d/b/a Palagi's Ice Cream and Palagi's Ice Cream, Inc., generated, owned, possessed, or by contract, agreement, or otherwise, arranged for the disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 398 cubic yards of waste containing hazardous substances, hazardous waste, and/or hazardous materials owned or possessed by Donald E. Palagi d/b/a Palagi's Ice Cream and/or Palagi's Ice Cream, Inc., at the Site. Donald E. Palagi is liable individually for hazardous waste disposed of at the Site before the incorporation of Palagi's Ice Cream, Inc., on or about April 20, 1976. In addition, on or about September 22, 1999, the Rhode Island Secretary of State revoked the Certificate of Incorporation/Authority of Palagi's Ice Cream, Inc., and, as of that date, under Rhode Island law, its property passed to

Donald E. Palagi, as its shareholder, and he is the current owner of such property, subject to the payment of the debts of Palagi's Ice Cream, Inc.

90.     Defendant Pampco, Incorporated is a North Carolina corporation with a principal place of business at 303 Swanson Drive, SW, Lenoir, North Carolina.  Pampco, Incorporated is a successor-in-interest to Furniture Components, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 394 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Furniture Components at the Site.

91.     Defendant Pascale Industries, Inc. is an Arkansas corporation with a principal place of business at 1301 Ridgway Road, Suite C, Pine Bluff, Arkansas.  Pascale Industries, Inc. is a successor-in-interest to Engineered Yarns, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 242 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Engineered Yarns at the Site.

92.     Defendants Peter Petteruti and Elizabeth Petteruti are citizens and residents of the State of Rhode Island, who owned and operated a gas station on property jointly owned by them with an address of 329 Woonasquatucket Avenue, North Providence, Rhode Island. The gas station owned and operated by Peter and Elizabeth Petteruti generated, owned, possessed, or by contract, agreement, or otherwise, arranged for the disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 356 cubic yards of waste containing

hazardous substances, hazardous waste, and/or hazardous materials owned or possessed by Peter and Elizabeth Petteruti at the Site.

93.     Defendant Pilgrim Instrument & Controls, Inc. is a Massachusetts corporation with a principal place of business at 38 Union Street, East Walpole, Massachusetts.  Pilgrim Instrument & Controls, Inc. is a successor-in-interest to Pilgrim Instrument, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 28 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Pilgrim Instrument at the Site.

94.     Defendant Plainville Machine Works, Inc. is a Massachusetts corporation with a principal place of business at 20 High Street, Plainville, Massachusetts. Plainville Machine Works, Inc., generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1,658 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Plainville Machine Works, Inc. at the Site.

95.     Defendant Remington Blue is a citizen and resident of Rhode Island and the sole proprietor of a business named Pond Brook Farm.  Remington Blue, d/b/a Pond Brook Farm, generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 30 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Remington Blue, d/b/a Pond Brook Farm at the Site.

96.     Defendant Pool & Christmas Village, Inc. is a Massachusetts corporation with a principal place of business at 650 GAR Highway, Swansea, Massachusetts.  Pool & Christmas

Village, Inc. is a successor-in-interest to Pools & Xmas Village, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 28 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Pools & Xmas Village at the Site.

97.     Defendant R.P. Iannuccillo and Sons Construction Company is a Rhode Island corporation with a principal place of business at 70 Calverly Street, Providence, Rhode Island. R.P. Iannuccillo and Sons Construction Company is a successor-in-interest to Iannuccillo Construction Co., which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 420 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Iannuccillo Construction Co. at the Site.

98.     Defendant Rehoboth Golf Course, Inc. d/b/a Rehoboth Country Club is incorporated in Massachusetts with a principal place of business at 155 Perryville Road, Rehoboth, Massachusetts.  Rehoboth Golf Course, Inc. d/b/a Rehoboth Country Club generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 60 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Rehoboth Golf Course, Inc. d/b/a Rehoboth Country Club at the Site.

99.     Defendant Ridco, Inc. is a Rhode Island corporation with a principal place of business at 6 Beverage Hill Avenue, Pawtucket, Rhode Island.  Ridco, Inc. is a successor-in-interest to Ridco, which generated, owned, possessed, or by contract, agreement, or otherwise

arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 120 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Ridco at the Site.

100.    Defendant Rockwell Roofing, Inc. is a Massachusetts corporation with a principal place of business at 44 Pond Street, Leominster, Massachusetts  Rockwell Roofing, Inc. is a successor-in-interest to Rockwell Roofing, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 90 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Rockwell Roofing at the Site.

101.    Defendant Rodman Ford Sales, Inc. is a Massachusetts corporation with a principal place of business at Route 1, 45 Washington Street, Foxboro, Massachusetts.  Rodman Ford Sales, Inc. is a successor-in-interest to Rodman Ford - Car Center, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 250 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Rodman Ford - Car Center at the Site.

102.    Defendant Roll-land, Inc. is a Massachusetts corporation with a principal place of business at 128 Carnegie Row, Norwood, Massachusetts.  Roll-land, Inc. is a successor-in-interest to Roll-land, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 52 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Roll-land at the Site.

103.     Defendant Rosa Mia Ristorante, Inc. is a Rhode Island corporation with a principal place of business at 133 Greenville Avenue, Johnston, Rhode Island.  Rosa Mia Ristorante, Inc. is a successor-in-interest to Rosamia Restaurant, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 16 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Rosamia Restaurant at the Site.

104.     Defendant Service Contracting, Inc. is a Rhode Island corporation with a principal place of business at 27 Oakdale Avenue, Johnston, Rhode Island.  Service Contracting, Inc. is a successor-in-interest to Service Contractors Inc, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 212 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Service Contractors Inc at the Site.

105.     Defendant Shell Oil Company is a Delaware corporation with a principal place of business at 150 N. Diary Ashford, Houston, Texas.  Shell Oil Company's predecessors and/or affiliates owned gas stations generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 966 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Shell Oil Company's predecessor and/or affiliates owned gas stations at the Site.

106.     Defendant Shore's Market, Inc. is a Rhode Island corporation with a principal place of business at 1590 Mineral Spring Avenue, Providence, Rhode Island.  Shore's Market,

Inc. is a successor-in-interest to Shore's Market, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 12,227 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Shore's Market at the Site.

107.    Defendant Signature Printing, Inc. is a Rhode Island corporation with a principal place of business at 5 Almeida Avenue, East Providence, Rhode Island.  Signature Printing, Inc. is a successor-in-interest to Universal Press, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 88 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Universal Press at the Site.

108.    Defendant Standish-Johnson Co. was incorporated in Rhode Island on July 9, 1973. Having been previously revoked and then reinstated, the Rhode Island Secretary of State recently revoked Standish-Johnson Co.'s Certificate of Incorporation/Authority once again for failure to maintain a registered office. Greatrex Corporation was incorporated in Rhode Island on January 21, 1976. Having been previously revoked and then reinstated, the Rhode Island Secretary of State recently revoked Greatrex Corporation's Certificate of Incorporation/Authority once again for failure to maintain a registered office. Historically, Standish-Johnson Co. and Greatrex Corporation have been affiliated companies, having owners, directors, and officers in common.  Currently, on information and believe, Victoria Brown and Pamela Diehl are owners, directors, and officers of both companies. Standish-Johnson Co. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or

treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 4902 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Standish-Johnson Co. at the Site. On information and belief, Standish-Johnson Co. has retained responsibility for any liability resulting from disposal of its waste containing hazardous substances, hazardous wastes, and/or hazardous materials at the Site. Alternatively, if because of the revocation of its Certificate of Incorporation/Authority or any other reason, Standish-Johnson Co. no longer retains such responsibility, then Greatrex Corporation is the successor in interest to Standish-Johnson Co. with regard to such liability.

109. Defendant Sunoco, LLC is a Delaware limited liability company with a principal place of business at 8801 West Chester Pike, Newton Square, Pennsylvania. Sunoco, LLC's predecessors and/or affiliates owned gas stations generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1466 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Sunoco, LLC's predecessor and/or affiliates owned gas stations at the Site.

110. Defendant TCS Holdings, Inc. is a Rhode Island corporation with a principal place of business at 233 Harris Avenue, Providence, Rhode Island. TCS Holdings, Inc. is a successor-in-interest to Twin City Supply, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 436 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Twin City Supply at the Site.

111. Defendant Taggart Sand Products Corp. is a Rhode Island corporation with a principal place of business at 520 Moshassuck Valley Industrial Highway, Lincoln, Rhode Island. Taggart Sand Products Corp. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 984 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Taggart Sand Products Corp. at the Site.

112. Defendant Tercat Tool and Die Co. II, Inc. is a Rhode Island corporation with a principal place of business at 31 Delaine Street, Providence, Rhode Island. Based upon information and belief, Tercat Tool and Die Co. II, Inc. is a successor-in-interest of Tercat Tool & Dye. Tercat Tool and Dye generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 392 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Tercat Tool and Dye at the Site.

113. Defendant The Discovery Mint, Inc. is a Rhode Island corporation with a principal place of business at 39 Drowne Parkway, Rumford, Rhode Island.  The Discovery Mint, Inc. is a successor-in-interest to Geo. H. Fuller & Son Company, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 24 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Geo. H. Fuller & Son Company at the Site.

114.     Defendant The Massachusetts General Hospital is a Massachusetts corporation with a principal place of business at 55 Fruit Street, Boston, Massachusetts. The Massachusetts General Hospital generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 400 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by The Massachusetts General Hospital at the Site.

115.     Defendant The Robbins Company is a Delaware corporation with a principal place of business at 400 O'Neill Boulevard, Attleboro, Massachusetts. The Robbins Company generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 116 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by The Robbins Company at the Site.

116.     Defendant Theriens, LLC is a Rhode Island limited liability company with a principal place of business at 3536 Mendon Road, Cumberland, Rhode Island. Based upon information and belief, Theriens, LLC is a successor-in-interest of Theriens Texaco. Theriens Texaco generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 104 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Theriens Texaco at the Site.

117.     Defendant Tomy International, Inc. is a Delaware corporation with a principal place of business at 2015 Spring Road, Suite 700, Oak Brook, Illinois. Tomy International, Inc. is a successor-in-interest to Kiddie Products, which generated, owned, possessed, or by contract,

40

agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 378 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Kiddie Products at the Site.

118.    Defendant Emery E. Tondreau is a citizen and resident of the State of Rhode Island and a former officer, director, and shareholder of Commercial Computer Center, Inc., and Diversified Data Services, Inc. Commercial Computer Center, Inc., was incorporated in Rhode Island on or about June 27, 1966, and Diversified Data Services, Inc., was incorporated in Rhode Island on or about June 26, 1970. Commercial Computer Center, Inc., and Diversified Data Services, Inc., generated, owned, possessed, or by contract, agreement, or otherwise, arranged for the disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 98 cubic yards of waste containing hazardous substances, hazardous waste, and/or hazardous materials owned or possessed by Commercial Computer Center, Inc., and Diversified Data Services, at the Site. On or about November 8, 1982, the Rhode Island Secretary of State revoked the Certificate of Incorporation/Authority of Commercial Computer Center, Inc., and as of that date, under Rhode Island law, its property passed to Emery E. Tondreau, as its shareholder, and he is the current owner of such property, subject to the payment of the debts of Commercial Computer Center, Inc. After Diversified Data Services, Inc., changed its name to Tondreau Liquidating, Inc., the Rhode Island Secretary of State revoked the Certificate of Incorporation/Authority of Tondreau Liquidating, Inc., on or about October 7, 1996, and, as of that date, under Rhode Island law, its property passed to Emery E. Tondreau, as its shareholder, and he is the current owner of such property, subject to the payments of the debts of Tondreau Liquidating, Inc., f/k/a Diversified Data Services, Inc.

119.     Defendant Tony's Colonial Food, Inc. is a Rhode Island corporation with a principal place of business at 331 Atwells Avenue, Providence, Rhode Island.  Tony's Colonial Food, Inc. is a successor-in-interest to Tony's Colonial Food Store, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 168 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Tony's Colonial Food Store at the Site.

120.     Defendant Tubodyne Company is a Rhode Island corporation with a principal place of business at 4 Industrial Way, Riverside, Rhode Island.  Tubodyne Company generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 70 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Tubodyne Company at the Site.

121.     Defendant United States Luggage Company, LLC is a New York limited liability company with a principal place of business at 400 Wireless Boulevard, Hauppauge, New York. United States Luggage Company, LLC is a successor-in-interest to US Trunk, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 4 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by US Trunk at the Site.

122.     Defendant V.J. Berarducci & Sons, Inc. is a Rhode Island corporation with a principal place of business at 185 Spring Street, Woonsocket, Rhode Island. Based on information and belief, V.J. Berarducci & Sons, Inc. is the successor-in-interest to Berarducci

42

and Sons, Inc. Berarducci and Sons, Inc. generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 104 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Berarducci and Sons, Inc. at the Site.

123.    Defendant The Walker's Pub, Ltd. is a Massachusetts corporation with a principal place of business at 8 Windsor Road, Blackstone, Massachusetts.  The Walker's Pub, Ltd. is a successor-in-interest to Walker's Pub, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 1952 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Walker's Pub at the Site.

124.    Defendant WM Perry Trucking, Inc. f/k/a Perry Trucking Company, Inc. is a Massachusetts corporation with a principal place of business at 1 Warren Avenue, Braintree, Massachusetts.  WM Perry Trucking, Inc. f/n/a Perry Trucking Company, Inc. is a successor-in-interest to Perry Trucking, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or transported or arranged with a transporter for transport for disposal or treatment of at least 32 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Perry Trucking at the Site.

125.    Defendant Bruce Walz is a citizen and resident of the Commonwealth of Massachusetts, who owned and operated, as a sole proprietorship, a business named Walt's Wheel & Tire at 1484 Fall River Avenue, Seekonk, Massachusetts. Bruce Walz, d/b/a Walt's

Wheel & Tire, and/or his predecessors in interest, generated, owned, possessed, or by contract, agreement, or otherwise, arranged for the disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 12 cubic yards of waste containing hazardous substances, hazardous waste, and/or hazardous materials owned or possessed by Bruce Walz, d/b/a Walt's Wheel & Tire, and/or his predecessors in interest, at the Site.

126.    Defendant Whitman Products Company, Inc. is a Massachusetts corporation with a principal place of business at 93 Brookview Drive, North Andover, Massachusetts.  Whitman Products Company, Inc. is a successor-in-interest to Whitman Products, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 304 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Whitman Products at the Site.

127.    Defendant Woloohojian Realty Corp. is a Rhode Island corporation with a principal place of business at 954 Warwick Avenue, Warwick, Rhode Island.  Woloohojian Realty Corp. is a successor-in-interest to Woloohojian Realty, which generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of at least 534 cubic yards of waste containing hazardous substances, hazardous wastes, and/or hazardous materials owned or possessed by Woloohojian Realty at the Site.

## FACTS

128.    The Site is located on Martin Street and Mendon Road in Cumberland, Rhode Island and Lincoln, Rhode Island and is the subject of an environmental cleanup effort being performed by Plaintiff and overseen by the United States Environmental Protection Agency ("EPA") and the Rhode Island Department of Environmental Management ("RIDEM").

129.    The Site encompasses approximately 500 acres, is located in a mixed industrial/commercial and residential/recreational community along the Blackstone River, which also includes a portion of the Blackstone River Valley National Historical Park between the Ashton Dam to the north and the Pratt Dam to the south in the towns of Cumberland and Lincoln, Rhode Island. The Site also includes the 26-acre Lincoln Quinnville Wellfield and the Cumberland Lenox Street municipal water supply.

130.    The Site is over 1-mile-long (5,600 feet) and varies in width from approximately 1,200 feet to 1,900 feet.

131.    The Site consists of several parcels of land, including the J.M. Mills Landfill, the former Nunes Transfer Station operation, and an island between these two areas located in the Blackstone River known as the "Unnamed Island." The Site as a whole is depicted on the map attached as **Exhibit B**, and a map of areas located within the Site is attached as **Exhibit C**.

132.    The Blackstone River, which is a tributary of the Seekonk River, abuts the Site.

133.    The J.M. Mills Landfill portion of the Site was an active, 52-acre landfill that operated from approximately 1954 to 1983.

134.    Pursuant to 42 U.S.C. § 9605(a)(8)(B), the EPA added the Site to the National Priorities List on September 8, 1983 and assigned it Site EPA ID RID055176283.

135.    Hundreds of contaminants have been detected at the Site, including but not limited to the following: waste oil; used oil; thinners; alkaline solutions; degreasing solvents; volatile organic compounds ("VOCs") such as benzene, chlorinated benzenes, 1,4-chloromethane, and 1,4-dioxane; semi-volatile organic compounds ("SVOCs") including naphthalene, dimethylphthalate, and acetophenone; and heavy metals including arsenic, barium, cadmium, lead, and mercury.

136.    The above substances are all "hazardous substances" within the meaning of Section 101(14) of CERCLA (42 U.S.C. § 9601(14)) and/or "hazardous wastes," "hazardous materials," or "hazardous substances" within the meaning of R.I. Gen. L. § 23-19.14-3(c), (d), (e) (2014), and the Rhode Island Rules and Regulations for Hazardous Waste Management, 250-RICR-140-10-1.

137.    Hazardous substances, hazardous wastes, and/or hazardous materials of the same kind as that owned, generated, possessed, arranged for disposal and/or transported by Defendants are present at the Site.

138.    Waste disposal documentation and other information confirm that hazardous substances, hazardous wastes, and/or hazardous materials owned, generated, possessed, arranged for disposal and/or transported by Defendants were disposed at the Site.

139.    The waste materials owned, possessed or generated by the Defendants were not collected and disposed of with other municipal waste as part of normal municipal solid waste collection services, but rather were transported to and disposed of at the Site by commercial waste transporters which, on information and belief, were paid directly by the Defendants for their waste disposal services.

140.    As a result of the release or threatened release of hazardous substances, hazardous wastes, and/or hazardous materials, EPA and RIDEM took response actions at or in connection with the Site.

141.    Certain members of the Group incurred past response costs, prior to entry of the Consent Decree, of at least $6 million as a result of, among other things, performance of investigation and analysis of remedial options at the Site and/or investigation and identification of other potentially responsible parties (PRP's) who contributed hazardous substances to the Site.

142.    Based on the Record of Decision ("ROD") issued by the EPA for Operable Unit No. 2 ("OU2") of the Site the proposed remedy for OU2 of the Site was projected to cost at least $40.3 million.

143.    In January 2017, EPA issued special notice letters to members of the Group and others under CERCLA § 122(e) (42 U.S.C. § 9622(e)), demanding that they perform the ROD and demanding reimbursement of past costs incurred by EPA and RIDEM at the Site, among other demands.

144.    Plaintiff's members, without admitting any Site liability, along with other entities, entered into the Remedial Design/Remedial Action (RD/RA) Consent Decree Peterson/Puritan, Inc. Superfund Site ("Consent Decree"), under the terms of which they agreed for purposes of settlement to (i) reimburse the United States of America and the State of Rhode Island for certain past and future governmental "response" costs and "oversight" costs, and to (ii) perform all further cleanup "Work" (as defined in the Consent Decree) at the Site at extensive cost.

145.    On May 3, 2017, this Court entered the Consent Decree in the case captioned *United States of America v. ACS Industries, Inc., et al.* (No. 16-665-S-LDA) and *State of Rhode Island v. ACS Industries, Inc., et al.* (No. 17-024-S-LDA (consolidated)).

146.     The Group and its members (i) have resolved response cost claims with EPA and RIDEM through the Consent Decree, (ii) have reimbursed certain governmental costs in accordance with the Consent Decree, (iii) have incurred response costs in performing under the Consent Decree and (iv) have begun incurring the estimated $40.3 million in response costs in performing the ROD pursuant to the Consent Decree over the course of decades.

147.     The Group and its members have individually and collectively paid and/or will ultimately pay in excess of their respective equitable share of Site response costs.

148.     To the best of Plaintiff's knowledge, Defendants have incurred no response costs in relation to the Site.

149.     Plaintiff extended a settlement opportunity to each Defendant prior to initiating this action; each Defendant rejected or failed to respond to the respective settlement offer.

## COUNTS

150.     All of the following Counts are alleged and claimed by Plaintiff and all its members against all Defendants, with the sole exception that Plaintiff members, Waste Management of Massachusetts, Inc. (for itself and on behalf of Clean Harbors, Inc.), Waste Management Disposal Services of Massachusetts, Inc. and Waste Management of Rhode Island, Inc., do not claim against Defendant, Advance Auto Parts, Inc., under any of the Counts.   All other Plaintiff members do affirmatively allege and claim against that Defendant.   Other than that limited exception, Plaintiff and all its members allege and claim all Counts against all Defendants.

## COUNT I – COST RECOVERY UNDER CERCLA

151.     This claim is for cost recovery under Section 107(a) of CERCLA (42 U.S.C. § 9607(a)) for past response costs of at least $6 million incurred by the Group and/or its

48

members prior to entry of the Consent Decree as a result of, among other things, performance of investigation and analysis of remedial options at the Site and/or investigation and identification of other PRP's who contributed hazardous substances to the Site (including Keytronic costs).

152.    Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

153.    The Site is a "facility" within the meaning of Section 101(9) of CERCLA (42 U.S.C. § 9601(9)).

154.    There have been releases, within the meaning of Section 101(22) of CERCLA (42 U.S.C. § 9601(22)), and threatened releases, of hazardous substances at or from the Site.

155.    The Group and its members have incurred and will continue to incur substantial response costs, within the meaning of Section 101(25) of CERCLA (42 U.S.C. § 9601(25)), to respond to the releases or threatened releases of hazardous substances at the Site.

156.    The response actions taken, and the response costs incurred by Plaintiff's members at and in connection with the Site, are consistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP"), 40 C.F.R. Part 300.

157.    Each Defendant is a "person" within the meaning of Section 101(21) of CERCLA (42 U.S.C. § 9601(21)).

158.    Each Defendant is liable, pursuant to Section 107(a)(3) (42 U.S.C. § 9607(a)(3)), as a person who, by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of, hazardous substances owned or possessed by each Defendant, and/or itself transported hazardous substances, to the Site, or is a successor to a person or entity that made such arrangement or arrangements or performed such transportation.

159. Pursuant to Section 107(a) of CERCLA (42 U.S.C. § 9607(a)), each Defendant is jointly and severally liable to Plaintiff for response costs incurred by the Group and/or its members as a result of, among other things, performance of investigation and analysis of remedial options at the Site and/or investigation and identification of other PRPs who contributed hazardous substances to the Site, and therefore Plaintiff is entitled to a judgment from each Defendant of at least $6 million in response costs incurred by Group members, plus interest.

## COUNT II – CONTRIBUTION UNDER CERCLA

160. This claim is for contribution for amounts incurred and to be incurred by the Group and/or its members for investigation and remediation of the Site before and after entry of the Consent Decree and arises under CERCLA § 113(f)(1) (42 U.S.C. § 9613(f)(1)), CERCLA § 113(f)(3)(B) (42 U.S.C. § 9613(f)(3)(B)), and CERCLA § 107(a) (42 U.S.C. § 9607(a)).

161. Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

162. Pursuant to the Consent Decree, Plaintiff's members have resolved Site liability they may have to the United States and the State of Rhode Island regarding remedial work and response costs for OU2 and have established their right to seek contribution from third parties, including from Defendants.

163. Each Defendant is a person or successor to a person who generated, contracted, agreed, or otherwise arranged for disposal or treatment, or themselves transported or arranged for the disposal or treatment of hazardous substances at or to the Site, and each has no defense against liability pursuant to § 107(b), 42 U.S.C. § 9607(b).

50

164.    The Group and/or its members have incurred, and will continue to incur, costs for investigation and remediation related to the Site before and after entry of the Consent Decree in excess of each Group member's respective equitable shares and therefore are entitled to contribution from each Defendant for its equitable share of such costs.

## COUNT III – LIABILITY UNDER THE RHODE ISLAND INDUSTRIAL PROPERTY REMEDIATION AND REUSE ACT

165.    This claim is for cost recovery and contribution pursuant to the Industrial Property Remediation and Reuse Act, R.I. Gen. L. §§ 23-19.14-1 (2014) *et seq.*

166.    Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

167.    Pursuant to the Consent Decree, Plaintiff's members have resolved Site liability they may have to the United States and the State of Rhode Island regarding remedial work and response costs and have established their right to seek cost recovery and contribution from third parties, including from Defendants.

168.    There was an actual or threatened release of hazardous materials, hazardous substances, and/or hazardous wastes, within the meaning of R.I. Gen. L. §§ 23-19.14-3(c), (d), (e) at or from the Site within the meaning of R.I. Gen. L. §23-19.14-3(j)(1).

169.    Each Defendant is a responsible party because each is a person or successor to a person under R.I. Gen. L. § 23-19.14-3(h) who generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of hazardous materials owned or possessed by that person, at the Site under R.I. Gen. L. § 23-19.14-6(a)(3).

170.    Each Defendant is therefore subject to strict, joint and several liability under R.I. Gen. L. § 23-19.14-6.

171. As a responsible party under R.I. Gen. L. 23-19.14-6(b), each Defendant is also therefore subject to liability for any and all other necessary costs of removal or remedial action incurred by Plaintiff's members.

172. No Defendant is exempt from liability under R.I. Gen. L. § 23-19.14-7.

## COUNT IV – LIABILITY UNDER THE RHODE ISLAND HAZARDOUS WASTE MANAGEMENT ACT

173. This claim is for cost recovery and/or contribution under the Hazardous Waste Management Act, R.I. Gen. L. §§ 23-19.1-1 (2014) *et seq*.

174. Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

175. Pursuant to the Consent Decree, Plaintiff's members have resolved Site liability they may have to the United States and the State of Rhode Island regarding remedial work and response costs and have established their right to seek cost recovery and contribution from third parties, including from Defendants, for all past and future response costs associated with the Site.

176. Each Defendant is a person who generated, owned, possessed, or by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, and/or accepted for transport and selected the Site, hazardous wastes or hazards materials to the Site, thereby leading to the unpermitted disposal of hazardous waste under R.I. Gen. L. § 23-19.1-4.

177. There were disposals of hazardous wastes at the Site within the meaning of R.I. Gen. L. § 23-19.1-4(3).

178. No Defendant obtained a permit for such disposals under R.I. Gen. L. § 23-19.1-10(a). Nor did any Defendant obtain a variance to a permit under R.I. Gen. L. 23-19.1-11(a).

179. Defendants are subject to absolute liability for the cost of containment, cleanup, restoration, and removal of the hazardous wastes, and for all damages, losses, or injuries, including environmental, which result directly or indirectly from the discharge under R.I. Gen. L. § 23-19.1-22.

## COUNT V – LIABILITY FOR DAMAGES UNDER R.I. GEN. L. § 46-12

180. This claim is for damages under R.I. Gen. L. §§ 46-12-1 *et seq*.

181. Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

182. Each Defendant placed or caused to be placed pollutants in a location where such pollutants were likely to enter or be discharged into waters, as defined in R.I. Gen. L. § 46-12-1.

183. Such placement leading to pollutants entering any waters is prohibited under R.I. Gen. L. § 46-12-5.

184. Defendants are each liable to Plaintiff for any damage Plaintiff suffered as a result of such pollution under R.I. Gen. L. § 46-12-21.

## COUNT VI – LIABILITY UNDER R.I. GEN. L. § 46-13.1

185. This claim is for cost recovery and contribution under R.I. Gen. L. §§ 46-13.1-1 (2014) *et seq*.

186. Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

187. There were unpermitted discharges of contaminants and/or toxic pollutants to groundwater at, from, or around the Site leading to a degradation of ambient water quality as defined in R.I. Gen. L. § 46-13.1-3.

188.   Each Defendant is liable for such discharges from the Site under R.I. Gen. L. § 46-13.1-2.

## COUNT VII – CONTRIBUTION UNDER R.I. GEN. L. § 10-6

189.   This claim is for contribution under R.I. Gen L §§ 10-6-1 (2013) *et seq.*, providing for a right of contribution amongst joint tortfeasors. The purpose of the act is to prevent the injustice of one tortfeasor paying more than its fair share of damages.

190.   Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

191.   Each Defendant is responsible to Plaintiffs for its proportionate share of any Site costs incurred or to be incurred as a result of the obligations established by the Consent Decree.

192.   Plaintiffs have incurred, and will continue to incur, costs for cleanup and remediation of the Site pursuant to the Consent Decree and therefore are entitled to contribution from each Defendant for its proportionate share of such costs.

## COUNT VIII – DECLARATORY RELIEF UNDER CERCLA

193.   This claim is for declaratory relief under CERCLA § 113(g)(2) (42 U.S.C. § 9613(g)(2)).

194.   Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

195.   There is a real and actual controversy between Plaintiff and each Defendant concerning the nature and extent of each Defendant's liability for and obligation to pay toward response costs in connection with the Site.

196.     Plaintiff is entitled to a declaration that Defendants are liable to Plaintiff for each Defendant's equitable/proportionate share of response costs and obligations incurred and to be incurred by Plaintiff in relation to the Site.

**COUNT IX – DECLARATORY RELIEF UNDER R.I. GEN. L. § 9-30-1**

197.     This claim is for declaratory relief under R.I. Gen. L. § 9-30-1 (2014).

198.     Plaintiff repeats and realleges the allegations contained in each Paragraph above and incorporates them in this claim by reference as if fully set out herein.

199.     There is a real and actual controversy between Plaintiff and each Defendant concerning the nature and extent of each Defendant's liability for and obligation to pay toward response costs in connection with the Site.

200.     Plaintiff is entitled to a declaration that Defendants are liable to Plaintiff for each Defendant's equitable/proportionate share of response costs and obligations incurred and to be incurred by Plaintiff in relation to the Site.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(a)     As to Count I, enter judgment under Section 107(a) of CERCLA in favor of Plaintiff and against each Defendant, jointly and severally, for past response costs incurred by the Group and/or its members as a result of, among other things, performance of investigation and analysis of remedial options at the Site and/or investigation and identification of other PRPs who contributed hazardous substances to the Site, along with applicable interest as provided by law;

(b)     As to Count II, enter judgment under Sections 113(f)(1), 113(f)(3)(B), and 113(g)(2) of CERCLA in favor of Plaintiff and against each Defendant, severally, for

contribution in an amount equal to its respective equitable share of all past and future response costs and any other costs incurred and to be incurred by the Group and/or its members in connection with investigation and remediation of the Site before and after entry of the Consent Decree (to include without limitation, response costs for performance of the remedy pursuant to the Consent Decree, performance of investigation and analysis of remedial options at the Site and/or investigation and identification of other PRPs who contributed hazardous substances to the Site), along with any such costs attributable to any Orphan share and applicable interest as provided by law;

(c)     As to Counts III through VII, enter judgment in favor of Plaintiff and against each Defendant in an amount equal to such Defendant's respective equitable/proportionate share of all costs and obligations incurred and to be incurred by the Group and/or its members in connection with the investigation, cleanup, and remediation of the Site;

(d)     As to the Counts VIII and IX, declare that each Defendant is liable to Plaintiff for its respective equitable/proportionate share of all past and future costs and other costs or obligations incurred and to be incurred by the Group and/or its members in connection with the investigation, cleanup, and remediation of the Site;

(e)     Award Plaintiff its attorneys' fees and costs in prosecuting this action; and

(f)     Grant such other and further relief as the Court determines is just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

**PLAINTIFF**

PETERSON-PURITAN SITE OU 2 REMEDIAL ACTION GROUP

By its Attorneys:

By: */s/ Ralph R. Liguori*
    Patrick T. Jones
    Rhode Island Bar No. 6636
    Ralph R. Liguori
    Rhode Island Bar No. 5039
    JONES KELLEHER LLP
    One Center Place
    Providence, RI 02903
    Tel: (401) 273-0800
    Fax: (401) 273-0801
    rliguori@joneskell.com
    pjones@joneskell.com

By: */s/ Curtis A. Connors*
    Roy P. Giarrusso, admitted *pro hac vice*
    Massachusetts Bar No. 549470
    Curtis A. Connors, admitted *pro hac vice*
    Massachusetts Bar No. 630288
    GIARRUSSO, NORTON, COOLEY
    & McGLONE, P.C.
    Marina Bay
    308 Victory Road
    Quincy, MA 02171
    Tel: (617) 770-2900
    Fax: (617) 773-6934
    rgiarrusso@gncm.net
    cconnors@gncm.net

By: */s/*
    Winthrop A. Short Jr., admitted *pro hac vice*
    Virginia Bar No. 20022
    KAUFMAN & CANOLES, P.C.
    One City Center
    11815 Fountain Way, Suite 400
    Newport News, VA 23606
    Tel: (757) 873-6300
    Fax: (888) 360-9092

washort@kaufcan.com

DATED: _____

## **CERTIFICATE OF SERVICE**

In accordance with the provisions of LR Gen 309 of the Local Rules of this Court, I hereby certify that on _____, this document was filed electronically, and it is available for viewing and downloading from the Court's ECF system. Service on each counsel of record was accomplished by the ECF system's transmission of the NEF to counsel of record for each of the parties, and paper copies will be sent to those indicated as non-registered participants.

By: /s/ *Curtis A. Connors*

## EXHIBIT A

1. ACS Auxiliaries Group, Inc.
2. ACS Industries, Inc.
3. Arconic Inc. (f/k/a Alcoa Inc.)
4. Avnet, Inc., Costa Inc.
5. CVS Pharmacy, Inc.
6. General Cable Industries, Inc.
7. Hindley Manufacturing Co., Inc.
8. Hollingsworth & Vose Co.
9. International Paper Company
10. KIK Custom Products, Inc.
11. Philips Electronics North America Corp.
12. Shawmut Corporation
13. Supervalu Holdings, Inc.
14. Teknor Apex Company
15. Texas Instruments Incorporated
16. The Narragansett Electric Company d/b/a National Grid
17. The Stop & Shop Supermarket Company LLC
18. Waste Management of Massachusetts, Inc., (for itself and on behalf of Clean Harbors, Inc.)
19. Waste Management Disposal Services of Massachusetts, Inc.
20. Waste Management of Rhode Island, Inc.
21. Wyman-Gordon Company



Blackstone River Flow Direction
Approximate Operable Unit 2 and Groundwater Compliance Boundary
10 ft Contour Lines
Town Boundary



0    600    1,200 Feet

Map Scale 1:3,000

**Peterson/Puritan, Inc. Superfund Site**
**Operable Unit 2 (OU-2)**

Cumberland and Lincoln, Rhode Island

Data Sources: River flow direction - National Hydrography Dataset, 2007.
Municipal boundary - USGS/RIGIS. Contour lines - RIGIS.
Basemap: Bing Maps - Aerial with Labels (c) 2015 Microsoft
and its data suppliers.

Map created by the US EPA Region 1 GIS Center on 6/22/15.
Map Tracker ID: 10804.

EPA



**Note:** The Peterson/Puritan, Inc. Superfund Site response activities are defined by Operable Units (OUs). As indicated on the map, OU-1 includes the CCL and PAC Remediation Areas where cleanup is underway. OU-2 is defined by the investigation of the J. M. Mills Landfill and adjacent parcels potentially affected by local disposal activities.

Operable Unit 2 (OU-2):
J.M. Mills Landfill Area

Operable Unit 1 (OU-1):
CCL and PAC Area

Blackstone River Flow Direction

Municipal Boundaries

Figure 1

**Peterson/Puritan, Inc. Superfund Site**
**Operable Unit 2 (OU-2)**

Cumberland & Lincoln, Rhode Island